COURT OF APPEALS OF VIRGINIA


Before:    Chief Judge Fitzpatrick, Judges Benton, Elder, Annunziata, Bumgardner, Frank,
           Humphreys, Clements, Felton, Kelsey and McClanahan
Argued at Richmond, Virginia


JENNIFER LEA WIDDIFIELD
                                                        OPINION BY
v.        Record No. 3100-02-2             JUDGE ELIZABETH A. McCLANAHAN
                                                       AUGUST 10, 2004
COMMONWEALTH OF VIRGINIA


UPON REHEARING EN BANC

FROM THE CIRCUIT COURT OF HENRICO COUNTY
Catherine C. Hammond, Judge

        Samuel P. Simpson, V (Montgomery & Simpson, LLP, on brief),
        for appellant.

        Robert H. Anderson, III, Senior Assistant Attorney General
        (Jerry W. Kilgore, Attorney General, on brief), for appellee.


        This matter comes before the Court on a rehearing *en banc* from a divided memorandum

panel decision, Widdifield v. Commonwealth, Record No. 3100-02-2, decided February 10,

2004.  Jennifer Lea Widdifield appeals an order of the Circuit Court of Henrico County revoking

her suspended sentence and effectively imposing a period of incarceration exceeding her original

two-year penitentiary sentence.  On appeal, Widdifield contends that the trial court erred in not

giving her credit for twelve months served in jail, thereby causing her to serve three years of

incarceration for a two-year sentence.  Upon rehearing *en banc*, the judgment of the trial court is

affirmed on procedural grounds as set forth in the panel's plurality opinion and for the reasons

that follow.

I. Background

On October 11, 2000, Widdifield was convicted for grand larceny pursuant to Code § 18.2-95.[1]  On February 5, 2001, Widdifield was sentenced to a term of two years confinement in the state penitentiary, suspended for five years on the condition the defendant serve twelve months in jail, be of good behavior for five years, and complete five years of supervised probation.  The court appropriately credited Widdifield for the time spent in pre-trial confinement pursuant to Code § 53.1-187.

Widdifield served twelve months in the Henrico County jail and was released from custody in January 2002.  In April 2002, a show cause order was issued against Widdifield as a result of her non-compliance with supervised probation.  After a hearing on the probation violations, the court continued the case for three months.  In July 2002, after receiving a report of her further violations of probation, the court issued a capias.  When she failed to appear, the court set a hearing for October 24, 2002.

At the conclusion of the hearing, the trial court found Widdifield in violation of the terms of her probation and the conditions of her suspended sentence, and re-imposed her two-year prison sentence.  The following exchange occurred at the conclusion of appellant's revocation hearing:

> [THE COURT]:  Based on all the matters brought to the Court's attention, the Court finds you in violation of the terms of your suspended sentence.  The Court revokes the two years that were suspended.  I'm revoking all the time and you are remanded to the custody of the Sheriff.
>
> MR. SIMPSON:  Judge she receives –

---

[1] Code § 18.2-95 provides for punishment "by imprisonment in a state correctional facility for not less than one nor more than twenty years or, in the discretion of the jury or court trying the case without a jury, be confined in jail for a period not exceeding twelve months or fined not more than $2,500, either or both."

THE COURT: She'll have a credit for the capias time. Is that your question?

MR. SIMPSON: Does she receive credit for the 12 months she pulled as well?

THE COURT: No, because I gave her a two-year sentence suspended on the condition that she serve 12 months and she served that and there's still two years left.

DEFENDANT WIDDIFIELD: I serve two years?

THE COURT: Yes, I just checked the sentencing order to make sure.

MR. SIMPSON: I understand.

THE COURT: You can check it.

MR. SIMPSON: I'm not sure that's how it works but –

THE COURT: All right, go ahead.

MR. SIMPSON: Thank you.

The court's order read:

> Whereupon, after taking into consideration all of the evidence and the argument of counsel, the Court Adjudges and Orders that the sentence imposed in this case on February 1, 2001 of confinement in the penitentiary of this Commonwealth for a term of two (2) years, the execution of which sentence was suspended for five (5) years on the condition the defendant serve (12) months in jail, is hereby revoked.

The appeal followed.

## II. Analysis

On appeal we view the facts in the light most favorable to the Commonwealth, the party prevailing below, together with all reasonable inferences fairly deducible therefrom. See Ortega v. Commonwealth, 31 Va. App. 770, 786, 525 S.E.2d 623, 627 (2000). Rule 5A:18 states, "No ruling of the trial court . . . will be considered as a basis for reversal unless the objection was stated together with the grounds therefor at the time of the ruling, except for good cause shown

- 3 -

or to enable the Court of Appeals to attain the ends of justice." Under Rule 5A:18, a specific argument must be made to the trial court at the appropriate time, or the allegation of error will not be considered on appeal. See Mounce v. Commonwealth, 4 Va. App. 433, 435, 357 S.E.2d 742, 744 (1987). An abstract reference is not sufficient to preserve an issue. Buck v. Commonwealth, 247 Va. 449, 452-53, 443 S.E.2d 414, 416 (1994); Scott v. Commonwealth, 31 Va. App. 461, 464-65, 524 S.E.2d 162, 164 (2000). The record in this case shows only that appellant's counsel queried whether appellant would receive credit for the twelve months she had already served imposed as a condition for the two-year sentence. In fact, in appellant's brief, counsel's actions are described as an "inquiry" and a "question."

> After *inquiry* by defense counsel, the court ordered that defendant would receive no credit for the 12 months in jail already served in the case. [Appendix p. 36, ln. 24; Appendix p. 37, ln. 1-3] Defense counsel *questioned* the correctness of such an order, but the court took no further action, and the defendant was remanded. [Appendix p. 37, ln. 7-10].

(Emphasis added.) Such an inquiry or question does not expressly indicate the action that appellant wanted the trial court to take. Appellant failed to state an objection "together with the grounds therefor" at the time of the ruling.

Rule 5A:18 allows exceptions for good cause or to meet the ends of justice. However, appellant does not argue that we should invoke the exceptions. See Redman v. Commonwealth, 25 Va. App. 215, 221, 487 S.E.2d 269, 272 (1997). Here, there is no affirmative showing of cause to invoke any exception to Rule 5A:18. Appellant did not raise it in her brief on appeal, did not file a reply brief responding to the Commonwealth's assertion of the default issue in its brief, did not assert it in oral argument at the three-judge panel stage, and, again, did not assert it in her brief or in oral argument at the *en banc* stage, even though she was alerted to her failure to raise the ends-of-justice exception in the three-judge panel decision. When an appellant has had so many opportunities to raise the exception and has not, for the Court to raise it *sua sponte*

- 4 -

would compromise the Court's role and place it in the position of becoming a *de facto* advocate.

This Court will not consider, *sua sponte*, an ends-of-justice argument under Rule 5A:18.

Affirmed.

Elder, J., with whom Annunziata J., joins, dissenting.

I would find appellant's assignment of error was preserved for appeal for the reasons set forth by Judge Frank in his concurring opinion at the panel stage, and would reverse on the merits for the reasons set forth by Senior Judge Coleman in his concurring and dissenting opinion at the panel stage.

Benton, J., with whom Fitzpatrick, C.J., joins, dissenting.

I join in Judge Elder's dissent. In addition, however, I continue to believe that this Court may consider *sua sponte* the exception to Rule 5A:18 that permits our review "for good cause shown or to enable the Court of Appeals to attain the ends of justice." See Edwards v. Commonwealth, 41 Va. App. 752, 770-77, 589 S.E.2d 444, 453-56 (2003) (Benton, J., dissenting). See also Ball v. Commonwealth, 221 Va. 754, 758, 273 S.E.2d 790, 792-93 (1981) (noting that appellant's attorney, "[i]n response to [the Supreme Court's] inquiry," addressed an issue "not presented at trial" and that, therefore, the Court would invoke Rule 5:21 (the predecessor to its Rule 5:25) to reverse the conviction "because it was necessary to attain the ends of justice").

For these reasons, I would reverse the trial judge's order, which refused to credit appellant for the twelve months she was incarcerated in the jail. By refusing to credit appellant for the incarceration, the trial judge has caused appellant to be incarcerated for three years even though the final conviction order imposed only a term of two years of confinement. As Judge Coleman noted in his dissent to the panel opinion "the trial [judge's] failure to award credit was clear error" and was in excess of the judge's statutory authority.[2]

I dissent.

---

[2] Judge Benton continues to hold to his opinion "that a trial judge has neither statutory nor inherent authority to impose incarceration in jail as a condition for suspension of an imposed penitentiary sentence." Nuckoles v. Commonwealth, 12 Va. App. 1083, 1087-92, 407 S.E.2d 355, 357-60 (1991) (Benton, J., dissenting).

Tuesday                    9th

March, 2004.


Jennifer Lea Widdifield,                                                    Appellant,

  against           Record No. 3100-02-2
                     Circuit Court No. CR00-3000-01F

Commonwealth of Virginia,                                                  Appellee.


Upon a Petition for Rehearing En Banc

Before the Full Court


On February 23, 2004 came the appellant, Jennifer Lea Widdifield, by court-appointed counsel, and filed a petition praying that the Court set aside the judgment rendered herein on February 10, 2004, and grant a rehearing *en banc* thereof.

On consideration whereof, the petition for rehearing *en banc* is granted, the mandate entered herein on February 10, 2004 is stayed pending the decision of the Court *en banc*, and the appeal is reinstated on the docket of this Court.

The parties shall file briefs in compliance with Rule 5A:35. The appellant shall attach as an addendum to the opening brief upon rehearing *en banc* a copy of the opinion previously rendered by the Court in this matter.  It is further ordered that the appellant shall file with the clerk of this Court twelve additional copies of the appendix previously filed in this case.

A Copy,
Teste:

Cynthia L. McCoy, Clerk
By:

Deputy Clerk

COURT OF APPEALS OF VIRGINIA


Present:   Judges Frank, McClanahan and Senior Judge Coleman
Argued at Richmond, Virginia


JENNIFER LEA WIDDIFIELD
                                               MEMORANDUM OPINION[*] BY
v.        Record No. 3100-02-2              JUDGE ELIZABETH A. McCLANAHAN
                                                  FEBRUARY 10, 2004
COMMONWEALTH OF VIRGINIA


                    FROM THE CIRCUIT COURT OF HENRICO COUNTY
                            Catherine C. Hammond, Judge

              Samuel P. Simpson, V (Montgomery & Simpson, on brief),
              for appellant.

              Robert H. Anderson, III, Senior Assistant Attorney General

              (Jerry W. Kilgore, Attorney General, on brief), for appellee.


        Jennifer Lea Widdifield appeals an order of the Circuit Court of Henrico County

revoking her suspended sentence and effectively imposing a period of incarceration exceeding

her original two-year penitentiary sentence.  On appeal, Widdifield contends that the trial court

erred in not giving her credit for twelve months served in jail, thereby causing her to serve three

years of incarceration for a two-year sentence.  Failure to raise this issue in the trial court

precludes our review on appeal.  Consequently, I would not reach the merits of appellant's

argument.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

I. Background

On appeal, we view the facts in the light most favorable to the Commonwealth, the party prevailing below, together with all reasonable inferences fairly deducible therefrom. See Ortega v. Commonwealth, 31 Va. App. 779, 786, 525 S.E.2d 623, 627 (2000). On October 11, 2000, Widdifield was convicted for grand larceny pursuant to Code § 18.2-95.[1] On February 5, 2001, Widdifield was sentenced to a term of two years confinement in the state penitentiary, suspended for five years on the condition the defendant serve twelve months in jail, be of good behavior for five years and complete five years of supervised probation. The court appropriately credited Widdifield for the time spent in pre-trial confinement pursuant to Code § 53.1-187.

Widdifield served twelve months in the Henrico County jail and was released from custody in January 2002. In April 2002, a show cause order was issued against Widdifield as a result of her non-compliance with supervised probation. After a hearing on the probation violations, the court continued the case for three months. In July 2002, after receiving a report of her further violations of parole, the court issued a capias. When she failed to appear, the court set a hearing for October 24, 2002.

At the conclusion of the hearing, the trial court found Widdifield in violation of the terms of her probation and the conditions of her suspended sentence, and re-imposed her two-year prison sentence. The court entered a revocation order on October 28, 2002, which in pertinent part reads:

> Whereupon, after taking into consideration all of the evidence and
> the argument of counsel, the Court Adjudges and Orders that the
> sentence imposed in this case on February 1, 2001 of confinement
> in the penitentiary of this Commonwealth for a term of two (2)

---

[1] Code § 18.2-95 provides for punishment "by imprisonment in a state correctional facility for not less than one nor more than twenty years or, in the discretion of the jury or court trying the case without a jury, be confined in jail for a period not exceeding twelve months or fined not more than $2,500, either or both."

years, the execution of which sentence was suspended for five (5) years on the condition the defendant serve (12) months in jail, is hereby revoked.

The appeal followed.

## II. Procedural Bar

Rule 5A:18 states: "No ruling of the trial court . . . will be considered as a basis for reversal unless the objection was stated together with the grounds therefor at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice." "'The main purpose of requiring timely specific objections is to afford the trial court an opportunity to rule intelligently on the issues presented, thus avoiding unnecessary appeals and reversals.'" Ohree v. Commonwealth, 26 Va. App. 299, 307, 494 S.E.2d 484, 488 (1998) (quoting Weidman v. Babcock, 241 Va. 40, 44, 400 S.E.2d 164, 167 (1991)). When such specific objections have not been made, this Court will not consider an argument on appeal that was not presented to the trial court. Id. at 308, 494 S.E.2d at 488 (citing Jacques v. Commonwealth, 12 Va. App. 591, 593, 405 S.E.2d 630, 631 (1991)).

The transcript shows that the following exchange occurred at the conclusion of appellant's revocation hearing:

> [THE COURT]: Based on all the matters brought to the Court's attention, the Court finds you in violation of the terms of your suspended sentence. The Court revokes the two years that were suspended. I'm revoking all the time and you are remanded to the custody of the Sheriff.
>
> MR. SIMPSON: Judge she receives –
>
> THE COURT: She'll have a credit for the capias time. Is that your question?
>
> MR. SIMPSON: Does she receive credit for the 12 months she pulled as well?

THE COURT: No, because I gave her a two-year sentence suspended on the condition that she serve 12 months and she served that and there's still two years left.

DEFENDANT WIDDIFIELD: I serve two years?

THE COURT: Yes, I just checked the sentencing order to make sure.

MR. SIMPSON: I understand.

THE COURT: You can check it.

MR. SIMPSON: I'm not sure that's how it works but –

THE COURT: All right, go ahead.

MR. SIMPSON: Thank you.

The court's order read:

> Whereupon, after taking into consideration all of the evidence and the argument of counsel, the Court Adjudges and Orders that the sentence imposed in this case on February 1, 2001 of confinement in the penitentiary of this Commonwealth for a term of two (2) years, the execution of which sentence was suspended for five (5) years on the condition the defendant serve (12) months in jail, is hereby revoked.

Therefore, the record in this case shows only that appellant's counsel queried whether appellant would receive credit for the twelve months she had already served imposed as a condition for the two-year sentence. In fact, in appellant's brief, counsel's actions are described as an "inquiry" and a "question."

> After *inquiry* by defense counsel, the court ordered that defendant would receive no credit for the 12 months in jail already served in the case. [Appendix p. 36, ln. 24; Appendix p. 37, ln. 1-3] Defense counsel *questioned* the correctness of such an order, but the court took no further action, and the defendant was remanded. [Appendix p. 37, ln. 7-10].

(Emphasis added.) Such an inquiry or question does not expressly indicate the action that appellant wanted the trial court to take, her objection to the court's refusal to give her credit, or

- 4 -

the grounds therefor. Thus, counsel's actions do not meet the requirements of either Code § 8.01-384(A) or Rule 5A:18.

With regard to an ends of justice exception, Widdifield never responded to the specific Rule 5A:18 objection argument made by appellee, much less raise an ends of justice argument. This Court will not consider, *sua sponte*, an ends of justice exception under Rule 5A:18. "In order to avail oneself of the exception, a defendant must affirmatively show that a miscarriage of justice has occurred . . . ." Redman v. Commonwealth, 25 Va. App. 215, 221, 487 S.E.2d 269, 272 (1997) (citation omitted). Without even a mention of Rule 5A:18 or ends of justice, it is obvious that there is no affirmative showing of cause for invoking the rule. See Gelletly v. Commonwealth, 16 Va. App. 457, 460, 430 S.E.2d 722, 724 (1993); F.E. v. G.F.M., 35 Va. App. 648, 660 n.3, 547 S.E.2d 531, 537 n.3 (2001).

Because Widdifield's objection was not properly preserved, I would not reach the merits of her case.

Affirmed.

Frank, J., concurring, in part.

I concur with Judge McClanahan's decision in that it affirms the judgment of the trial court. However, as I believe appellant at trial sufficiently raised the issue regarding credit for time served, I address the merits of that issue.[2]

Rule 5A:18 provides that "[n]o ruling of the trial court . . . will be considered as a basis for reversal unless the objection was stated together with the grounds therefor at the time of the ruling . . . ." The purpose of the rule is to allow the trial court to consider the objection and to take corrective action that will "avoid unnecessary appeals, reversals and mistrials." Robinson v. Commonwealth, 13 Va. App. 574, 576, 413 S.E.2d 885, 886 (1992) (citation omitted). Formal exceptions to the court's rulings are not necessary as long as a party "makes known to the court the action which he desires the court to take or his objections to the action of the court and his grounds therefor." Code § 8.01-384(A).

Here, as quoted in more detail in Judge McClanahan's opinion, when the trial court announced it was revoking the two years that had been suspended, appellant's counsel inquired, "Does [appellant] receive credit for the [twelve] months she pulled as well?" The trial court responded that appellant was not entitled to credit for the twelve months she served in jail because the court originally "gave her a two-year sentence suspended on the condition that she serve [twelve] months and she served that and there's still two years left." Appellant's counsel responded, "I'm not sure that's how it works . . . ." The trial court's revocation order specifically indicated that it "[took] into consideration all of the evidence and the argument of counsel."

Thus, appellant, through counsel, expressly indicated both the actions that she wanted the trial court to take and her disagreement with the court's refusal to give her credit for the twelve

_____

[2] Appellant also raises on appeal the issue of double jeopardy. As this issue was not raised at the trial level, I agree that we cannot consider it. See Rule 5A:18.

months she served in jail. Requiring appellant to object further, when the court indicated it would not give such credit, "would, in effect, recreate the requirement of noting an exception to a final adverse ruling of the trial judge." Martin v. Commonwealth, 13 Va. App. 524, 530, 414 S.E.2d 401, 404 (1992) (*en banc*). Counsel's question about whether appellant would receive credit for that time, coupled with his response, "I'm not sure that's how it works," when the trial judge ruled appellant was not entitled to credit, made clear what action was requested and was sufficient to preserve for appeal the request for credit. See Cuffee-Smith v. Commonwealth, 39 Va. App. 476, 480-81, 574 S.E.2d 294, 296 (2002) (holding an issue preserved where the defendant requested electronic monitoring and trial court ruled it lacked authority to order electronic monitoring in cases with a mandatory minimum sentence).

On October 11, 2000, appellant was convicted of grand larceny, pursuant to Code § 18.2-95.[3] On February 5, 2001, appellant was sentenced on that conviction to a term of two years confinement in the state penitentiary, suspended for five years on the condition the defendant serve twelve months in jail, be of good behavior for five years, and complete five years of supervised probation.

Appellant served twelve months in the Henrico County jail and was released from custody in January 2002. In April 2002, a show cause order was issued against appellant as a result of her non-compliance with supervised probation. After several delays and hearings, the trial court found appellant in violation of the terms of her probation and the conditions of her suspended sentence, and imposed the two-year prison sentence. The court entered an order on October 28, 2002, revoking the suspended sentence:

---

[3] Code § 18.2-95 provides for punishment "by imprisonment in a state correctional facility for not less than one nor more than twenty years or, in the discretion of the jury or court trying the case without a jury, be confined in jail for a period not exceeding twelve months or fined not more than $2,500, either or both."

> Whereupon, after taking into consideration all of the evidence and the argument of counsel, the Court Adjudges and Orders that the sentence imposed in this case on February 1, 2001 of confinement in the penitentiary of this Commonwealth for a term of two (2) years, the execution of which sentence was suspended for five (5) years on the condition the defendant serve (12) months in jail, is hereby revoked.

This appeal followed, in which appellant contends she was sentenced to serve three years of a two-year sentence.

Code § 19.2-306(A) authorizes the revocation of a suspended sentence "for any cause the court deems sufficient that occurred at any time within the probation period, or within the period of suspension fixed by the court." Subsection (C) provides, "If the court, after hearing, finds good cause to believe that the defendant has violated the terms of suspension, then . . . the court shall revoke the suspension and the original sentence shall be in full force and effect."

The court's revocation order did not enlarge the sentence originally ordered by the court on February 5, 2001. The February 5, 2001 order clearly stated that the twelve months in jail was a condition of suspending the two-year penitentiary sentence. This Court, in Nuckoles v. Commonwealth, 12 Va. App. 1083, 407 S.E.2d 355 (1991), held that such a condition is within the authority of the trial court.

In Nuckoles, the defendant was sentenced to five years in the penitentiary, all suspended, conditioned upon certain terms, one of which was that he serve twelve months in jail. Id. at 1084, 407 S.E.2d at 355. Nuckoles served the jail time and was released. Id. Upon violation of the conditions of his suspended sentence, the trial court revoked the suspension of the five-year sentence, crediting Nuckoles with the twelve months already served. Id. at 1087, 407 S.E.2d at 357. The maximum penalty for the underlying felony was five years. On appeal, the only issue before the Court was whether the trial court had "the authority to impose a period of

incarceration as a condition of suspending the execution of a five year penitentiary sentence."

Id. at 1084, 407 S.E.2d at 355.

We held:

> The obvious purpose of affording trial courts discretion in matters of suspension and probation is to provide a remedial tool to use in the rehabilitation of criminals. A jail condition serves a punitive function, demonstrating to offenders the seriousness of their conduct. Moreover, this condition also serves as a deterrent by giving offenders a taste of what lies ahead if they do not reform their conduct. Cohen & Gilbert, The Law of Probation and Parole, 240-41 (1983).

Id. at 1086, 407 S.E.2d at 356. In Nuckoles, the trial court afforded credit for the twelve months, therefore, the sentence did not exceed the statutory maximum of five years. Id. at 1087, 407 S.E.2d at 357.

Here, the jail time imposed as a condition of the suspended sentence gave appellant a "taste" of incarceration and served as a "remedial tool" to improve her chances of compliance with the terms of the suspended sentence. This goal is quite separate from the sentence. To mandate credit for jail time in the instant situation would unjustly advantage appellant, who refused to benefit from the remedial nature of that incarceration.

Code § 19.2-303 authorizes, "After conviction, whether with or without jury, the court may . . . suspend the sentence in whole or in part and in addition may place the accused on probation under such conditions as the court shall determine." As explained in Nuckoles, the trial court can place conditions on the suspension of a sentence:

> The Virginia Supreme Court has noted the wide latitude the legislature has afforded trial courts in fashioning rehabilitative programs for defendants. "Inherent in the power granted under [Code] § 19.2-303 . . . to suspend imposition or execution [of sentence,] is the power to place conditions on such suspension." Grant v. Commonwealth, 223 Va. 680, 685, 292 S.E.2d 348, 351 (1982).

- 9 -

> The only limitation placed upon the discretion of the trial court in its determination of what conditions are to be imposed is that a condition be "reasonable." Dyke v. Commonwealth, 193 Va. 478, 484, 69 S.E.2d 483, 486 (1952).

Nuckoles, 12 Va. App. at 1085-86, 407 S.E.2d at 356 (1991). Appellant does not contend that requiring her to serve twelve months in jail was an unreasonable condition for the suspension of her two-year sentence.

Moreover, sentencing statutes "confer upon trial courts 'wide latitude' and much 'discretion in matters of suspension and probation . . . to provide a remedial tool . . . in the rehabilitation of criminals' and, to that end, 'should be liberally construed.'" Deal v. Commonwealth, 15 Va. App. 157, 160, 421 S.E.2d 897, 899 (1992) (quoting Nuckoles, 12 Va. App. at 1085-86, 407 S.E.2d at 356; Dyke, 193 Va. at 484, 69 S.E.2d at 486). When considering the appropriateness of actions taken pursuant to sentencing statutes, this Court liberally construes the authority provided by those statutes and allows trial courts "broad discretion" in their sentencing decisions. Bazemore v. Commonwealth, 25 Va. App. 466, 468, 489 S.E.2d 254, 255 (1997). "[W]hen a statute prescribes a maximum imprisonment penalty and the sentence does not exceed that maximum, the sentence will not be overturned as being an abuse of discretion." Abdo v. Commonwealth, 218 Va. 473, 479, 237 S.E.2d 900, 903 (1977) (citing Perry v. Commonwealth, 208 Va. 283, 156 S.E.2d 566 (1967)). In the case at bar, while appellant was not credited for the time she served in jail, her incarceration did not exceed the statutory maximum of twenty years permitted under Code § 18.2-95.

I do not believe Smith v. Commonwealth, 222 Va. 700, 284 S.E.2d 590 (1981), compels a different result since that case is distinguishable on its facts. Smith was convicted of a Class 6 felony, which carried a sentence of incarceration in jail or in the penitentiary, but not both. The trial court suspended imposition of any sentence and conditioned that suspension on Smith serving six months in jail and then remaining supervised on probation. Id. at 701-02, 284 S.E.2d

at 590.  Subsequently, the trial court found Smith had violated the terms of his probation, and the court imposed a ten-month jail sentence.  Id. at 702, 284 S.E.2d at 590.  Upon his release from jail, Smith again violated the terms of his probation, and the trial court imposed a penitentiary sentence of three years and eight months, the balance of the five-year maximum sentence allowed by the statute.  Id.  The Supreme Court opined:

> This is a case of suspension of imposition of sentence.  The trial court might originally have imposed up to five years in the penitentiary *or* up to twelve months in jail and a fine.  Code § 18.2-10(f).  The disjunctive language of the statute prescribes penalties in the alternative.  When the trial court revoked suspension of imposition of sentence for the first probationary violation and imposed a ten month jail term, the sentencing authority vested in it by Code § 19.2-306 was exhausted.  Because the trial court was without jurisdiction to impose the penitentiary sentence, the order appealed from is null and void.

Id. at 702-03, 284 S.E.2d at 591 (emphasis in original).  Thus, Smith stands for the proposition that once a trial court sentences a defendant to incarceration in jail under Code § 18.2-95, it cannot then additionally sentence a defendant to incarceration in the penitentiary.

Smith does not address the exact issue presented in the instant case.  Here, the trial court did not suspend imposition of a sentence, but instead imposed penitentiary time and then suspended it on the condition that appellant serve time in jail.  Although appellant argues the twelve months were part of the initial two years of penitentiary time, the trial court's February 1, 2001 order clearly indicates otherwise.  After sentencing appellant to two years, the order continues, "The Court suspends 2 years of the grand larceny sentence, for a period of 5 years, for a total suspension of 2 years, upon the following condition(s):  that [appellant] serve 12 months in jail."  (Emphasis omitted.)  The order then provides for a term of good behavior and supervised probation.

The trial court clearly conditioned the suspension of appellant's two-year sentence upon the condition that she serve twelve months in jail.  While appellant did serve the twelve months,

she also violated the other conditions of her suspended sentence. I would hold that the trial court did not abuse its discretion in revoking the suspension and imposing appellant's two-year penitentiary sentence. Thus, I concur with Judge McClanahan's holding that we affirm the trial court's order.

Coleman, J., concurring, in part, and dissenting, in part.

I would hold appellant preserved for appeal her claim of entitlement to credit for the time she served in jail against the two-year penitentiary term to which she was sentenced. Thus, I concur with Judge Frank on the Rule 5A:18 Procedural Bar holding. However, on the merits of whether appellant was entitled to credit for the twelve-month jail sentence against the two-year suspended penitentiary sentence, I would hold existing case law compels the conclusion that the jail sentence was necessarily part of the penitentiary sentence, thus, appellant was entitled to credit for the time served. Therefore, I respectfully disagree with Judge Frank's conclusion that the trial judge may impose a jail sentence as a condition of probation, *separate* and *in addition* to the penitentiary sentence imposed for the grand larceny conviction.

I.

PRESERVATION FOR APPEAL

I concur with Judge Frank's analysis of the Rule 5A:18 Procedural Bar holding. However, even if appellant had not properly preserved the issue in the trial court, as Judge McClanahan concludes, I would hold that the ends of justice exception to Rule 5A:18 compels a review on the merits. To invoke the ends of justice exception, the record must "affirmatively show[] that a miscarriage of justice has occurred, not . . . merely . . . that a miscarriage [of justice] *might* have occurred." Mounce v. Commonwealth, 4 Va. App. 433, 436, 357 S.E.2d 742, 744 (1987). The record must show an error that is "clear, substantial and material." Brown v. Commonwealth, 8 Va. App. 126, 132, 380 S.E.2d 8, 11 (1989). The court's ruling, in effect, increased appellant's two-year penitentiary sentence by an additional twelve-month jail sentence without authority for doing so and contrary to Code § 18.2-95. Appellant was entitled to credit for the time she served in jail. Because the jail time served was necessarily part of the sentence imposed, I would hold the trial court's failure to award that credit was clear error and reach

- 13 -

appellant's assignment of error under the ends of justice exception.  See Akers v. Commonwealth, 31 Va. App. 521, 527 n.2, 525 S.E.2d 13, 16 n.2 (2000) (in case involving inconsistent bench trial verdicts, holding "whether ends of justice exception would apply [was] inextricably linked to the merits determination").

CREDIT FOR JAIL TIME SERVED AS CONDITION OF
SUSPENSION OF SENTENCE AND PROBATION

"It is a judicial function to fix the amount of punishment," but the punishment fixed must be "within the limits prescribed by the legislature."  Wilborn v. Saunders, 170 Va. 153, 160, 195 S.E. 723, 726 (1938).  Here, the statute appellant was convicted of violating provided for punishment of up to twelve months in jail and/or a fine *or* twenty years in the penitentiary, but not both.  Code § 18.2-95.  The trial court sentenced appellant to a two-year suspended penitentiary sentence, imposed an active jail sentence of twelve months as a condition of the suspended sentence and of probation pursuant to Code § 19.2-303.  When appellant subsequently violated the conditions of the suspended sentence and probation the trial judge then refused to give her credit for time served in jail against the penitentiary sentence.  By failing to grant the requested credit, the court effectively imposed both a jail sentence and a penitentiary sentence, which I believe it lacked the authority to do.

The decision in Nuckoles v. Commonwealth, 12 Va. App. 1083, 407 S.E.2d 355 (1991), compels this conclusion, in my opinion.  The legislature has expressly provided in Code § 18.2-95 that a trial court may impose upon conviction for grand larceny either a penitentiary sentence or a jail sentence, but not both.  "The disjunctive language of the statute prescribes penalties in the alternative."  Smith v. Commonwealth, 222 Va. 700, 702, 284 S.E.2d 590, 591 (1981) (construing similar provisions in Code § 18.2-10).  Thus, here, the trial court could not impose both a jail sentence and a penitentiary sentence.

- 14 -

Nevertheless, as we noted in Nuckoles, a trial court may impose a term of confinement in jail as a condition of a suspended penitentiary sentence or probation. But, in my opinion, the term of confinement in jail is necessarily a part of the penitentiary sentence imposed, otherwise, the court would be imposing both a jail and penitentiary sentence, which Code § 18.2-95 and the Supreme Court's decision in Smith expressly disallow. Smith, 222 Va. at 702, 284 S.E.2d at 590.

In Nuckoles, we approved the widespread practice of trial courts throughout Virginia wherein they impose an active term of confinement in jail as a condition of a suspended penitentiary sentence. By allowing a convicted offender to serve a portion of the penitentiary sentence in a local jail, the court retains the options and ability to permit the convicted criminal to participate in community-based rehabilitation programs or in work-release and enhances access to the person's family and other support systems, while at the same time giving them "a taste of what lies ahead if they do not reform their conduct." Nuckoles, 12 Va. App. at 1086, 407 S.E.2d at 356; see also People v. Robinson, 299 N.W.2d 13, 15 (Mich. Ct. App. 1980) ("We do not conclude that the incentive to comply with the conditions of probation is threatened by granting credit for jail time only [and not for periods of probation during which the offender is not incarcerated].").

We did not in Nuckoles approve of the trial court imposing both a penitentiary sentence and jail sentence, which is precisely what Judge Frank would necessarily approve the trial court's doing by holding that the appellant is not entitled to credit against the penitentiary sentence for time served in jail. Without question the General Assembly could authorize, if it saw fit, both a penitentiary sentence and a jail sentence for a grand larceny conviction, but instead, it expressly prohibited both a jail and penitentiary sentence in Code § 18.2-95.

- 15 -

Significantly, <u>Nuckoles</u> involved imposition of a suspended penitentiary sentence conditioned upon Nuckoles serving twelve months in jail, followed by supervised probation. <u>Nuckoles</u>, 12 Va. App. at 1084, 407 S.E.2d at 355.  When Nuckoles violated a condition of his suspension and probation, the trial judge imposed the remainder of the penitentiary sentence. <u>Id.</u> On appeal, we held the court had authority to condition the suspension of Nuckoles' penitentiary sentence on the service of a jail term, but that action was appropriate because the court "gave him credit for the time he served in jail." <u>Id.</u> at 1087, 407 S.E.2d at 357.  Therefore, it is apparent in <u>Nuckoles</u> that the term of confinement in jail was not treated as a separate sentence but was credited as part of the penitentiary sentence.  Furthermore, we observed that, as a result of Nuckoles receiving credit for jail time he, "will, in fact, be incarcerated no more than five years," the full amount of the originally suspended sentence. <u>Id.</u> at 1087, 407 S.E.2d at 357. Because the time Nuckoles spent in jail was served (1) as a condition of the suspension of his penitentiary sentence and (2) in lieu of a portion of the time he had been sentenced to serve in the penitentiary, Nuckoles' "sentence was within the trial court's authority under Code § 19.2-306." Thus, while the <u>Nuckoles</u> decision approves of imposing a period of confinement in jail as a condition of a suspended sentence, the time served is part of the original sentence, in my opinion, for which the appellant must be given credit.

To hold as Judge Frank would have us do would be either (1) to allow both a jail and penitentiary sentence to be imposed for violating Code § 18.2-95, contrary to the statute's express provision, or (2) terms of confinement in jail to be imposed as if it were not part of the sentence imposed for a criminal conviction.  Such a holding would enable courts to impose successive terms of confinement in jail against a defendant who violates the conditions of suspension without regard for the sentence imposed.  I would reverse the trial court and remand

- 16 -

the matter for resentencing with directions to the trial court to credit Widdifield with the time she served in jail.

II.

For the foregoing reasons, I would hold appellant preserved for appeal her claim of entitlement to credit for the time she served in jail and that the trial court's refusal of the request for credit was erroneous.  Thus, I respectfully dissent.