COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Felton, Judges Petty and Beales
Argued at Chesapeake, Virginia


DON WAYNE ELLIOTT

MEMORANDUM OPINION[*] BY
v.      Record No. 0309-11-1          CHIEF JUDGE WALTER S. FELTON, JR.
                                            MARCH 20, 2012
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF PORTSMOUTH
Johnny E. Morrison, Judge

Gregory K. Matthews (Office of the Public Defender, on brief), for
appellant.

Benjamin H. Katz, Assistant Attorney General (Kenneth T.
Cuccinelli, II, Attorney General, on brief), for appellee.


Don Wayne Elliott ("appellant") was convicted of possession of heroin with intent to

distribute, second offense, in violation of Code § 18.2-248(C), following a bench trial in the Circuit

Court of the City of Portsmouth ("trial court"). Appellant argues the trial court erred in finding that

his prior conviction under Code § 18.2-255.2 for possession of heroin on school property with intent

to distribute constituted a predicate offense to sustain his conviction as a second-time offender under

Code § 18.2-248(C). For the following reasons, we affirm appellant's conviction.

I. BACKGROUND

On appeal, we view the evidence in the light most favorable to the Commonwealth, the

prevailing party in the trial court. Williams v. Commonwealth, 49 Va. App. 439, 442, 642 S.E.2d

295, 296 (2007) (*en banc*).

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

On August 27, 2010, Portsmouth Police Detective Edward Doyle was monitoring a parking lot in the City of Portsmouth. He observed a suspected hand-to-hand drug transaction occur between an occupant of a F-150 pickup truck and the passenger in an Isuzu Rodeo. He followed the Isuzu as it exited the parking lot until it abruptly stopped at a convenience store, where appellant quickly exited the passenger side of the Isuzu.

Detective Doyle stopped appellant as he made his way from the Isuzu to the front of the convenience store. Portsmouth Police Detective V. McLean approached the parked Isuzu and observed, through the open passenger door of the Isuzu, a clear plastic bag on the passenger seat "containing suspected heroin." Detective McLean recovered thirty-one capsules of heroin from the clear bag on the Isuzu passenger seat, seized an additional fifteen capsules of heroin from a cigarette packet found on the passenger floorboard, and recovered three hundred eleven dollars from appellant's pockets. Appellant was thereafter indicted and convicted of possession of heroin with intent to distribute, second offense, in violation of Code § 18.2-248(C).[1]

At trial on December 8, 2010, the Commonwealth offered evidence of appellant's May 2, 2006 conviction order for possession of heroin on school property with intent to distribute, in

_____

[1] Code § 18.2-248 makes it "unlawful for any person to manufacture, sell, give, distribute, or possess with intent to manufacture, sell, give or distribute a controlled substance or an imitation controlled substance." Code § 18.2-248(C) provides, in pertinent part:

> [A]ny person who violates this section with respect to a controlled substance classified in Schedule I or II shall upon conviction be imprisoned for not less than five nor more than 40 years and fined not more than $500,000. Upon a second conviction of such a violation, and it is alleged in the warrant, indictment, or information that the person has been before convicted of *such an offense* . . . and such prior conviction occurred before the date of the offense alleged in the warrant, indictment, or information, any such person may, in the discretion of the court or jury imposing the sentence, be sentenced to imprisonment for life or for any period not less than five years and be fined not more than $500,000.

(Emphasis added).

violation of Code § 18.2-255.2. Appellant objected to the admissibility of the conviction order, stating, "Judge, I have no case law to back this argument up, but I'll just argue that the prior conviction is not a like or similar offense under [Code §] 18.2-248." The Commonwealth responded:

> Judge, the conviction order I'm submitting to the [c]ourt is a conviction order for the distribution of a Schedule [I] or [II] substance on school property. [Appellant] is currently charged with distribution of heroin, second offense, having been convicted of a like offense. It's our position that is a similar offense.

The trial court overruled appellant's objection and admitted the prior conviction order into evidence.

At the close of the Commonwealth's case-in-chief, appellant moved to strike the Commonwealth's evidence. He asserted that the search of the cigarette packet found on the floor board of the Isuzu was unsupported by a reasonable, articulable suspicion that narcotics would be found therein. He further challenged the sufficiency of the Commonwealth's evidence presented at trial to prove that he possessed, maintained dominion and control over, and intended to distribute heroin. During his motion to strike, appellant failed to raise any objection to the trial court's reliance on his prior conviction under Code § 18.2-255.2 to support his conviction under Code § 18.2-248(C) for distribution of heroin, second offense. The trial court denied appellant's motion to strike the evidence.

Appellant testified in his defense, asserting he was not aware that any heroin was located in the Isuzu. At the close of all the evidence, appellant renewed his motion to strike the evidence, stating only "Your Honor, I would ask that my previous motions be renewed [and] incorporated into argument." The trial court again denied appellant's motion to strike the evidence and convicted him of possession of heroin with intent to distribute, second offense, in violation of Code § 18.2-248(C).

II. ANALYSIS

Appellant contends the trial court erred "in ruling that [his] previous conviction under [Code §] 18.2-255.2 was a 'same or similar offense' pursuant to [Code §] 18.2-248(C)." Appellant argues on appeal that, as a matter of statutory construction, the Commonwealth cannot sustain a conviction under Code § 18.2-248(C) for possession of heroin with intent to distribute, second offense, unless an accused has been previously convicted for an offense under Code § 18.2-248. However, appellant did not present the argument he makes on appeal to the trial court.

Appellant did not provide the trial court with any argument or legal authority as to why his prior conviction under Code § 18.2-255.2 was not a same or similar offense under Code § 18.2-248(C). Appellant's objection to the admissibility of the proffered conviction order was: "Judge, I have no case law to back this argument up, but I'll just argue that the prior conviction [under Code § 18.2-255.2] is not a like or similar offense under [Code §] 18.2-248." Appellant did not address the trial court's purported error in admitting his prior conviction order in his motion to strike at the end of the Commonwealth's case-in-chief, nor did he assert that argument in his motion to strike at the conclusion of all the evidence. By failing to provide the trial court with argument, including legal authority, to support his objection, appellant "denied the trial court the opportunity to address and correct the error of which he now complains." Scott v. Commonwealth, 31 Va. App. 461, 464, 524 S.E.2d 162, 164 (2000).

An "appellate court, in fairness to the trial judge, should not . . . put a different twist on a question that is at odds with the question presented to the trial court." Commonwealth v. Shifflett, 257 Va. 34, 44, 510 S.E.2d 232, 237 (1999). The "same argument must have been raised, with specificity, at trial before it can be considered on appeal." Correll v. Commonwealth, 42 Va. App. 311, 324, 591 S.E.2d 712, 719 (2004). "Making one specific argument on an issue does not preserve a separate legal point on the same issue for review." Edwards v. Commonwealth, 41

Va. App. 752, 760, 589 S.E.2d 444, 448 (2003) (*en banc*); see also Bowling v. Commonwealth, 51 Va. App. 102, 106, 654 S.E.2d 354, 356 (2007) ("[A]n objection to the admissibility of evidence cannot preserve the issue of the sufficiency of the evidence for appeal."). Pursuant to Rule 5A:18, "[n]o ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice." Appellant does not argue that we should invoke either the good cause or ends of justice exceptions to Rule 5A:18, and we will not consider Rule 5A:18 exceptions *sua sponte*. Edwards, 41 Va. App. at 761, 589 S.E.2d at 448.

Because appellant failed to make the same argument to the trial court he now raises on appeal, we cannot say that his "objection was stated with reasonable certainty at the time of the ruling," as required by Rule 5A:18. Accordingly, Rule 5A:18 bars our consideration of this matter on appeal. Correll, 42 Va. App. at 324, 591 S.E.2d at 719. We, therefore, affirm the trial court.

Affirmed.