COURT OF APPEALS OF VIRGINIA

Present:    Judges Beales, O'Brien and Malveaux
Argued by videoconference

JASON COREY O'NEAL

                                                    MEMORANDUM OPINION* BY
v.          Record No. 1962-19-3              JUDGE MARY GRACE O'BRIEN
                                                       JANUARY 12, 2021

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF PULASKI COUNTY
Bradley W. Finch, Judge

Nathan M. Roberts, Assistant Public Defender, for appellant.

Matthew P. Dullaghan, Senior Assistant Attorney General (Mark R.
Herring, Attorney General, on brief), for appellee.


Jason Corey O'Neal ("appellant") appeals an order imposing three probation requirements

as specific conditions of his suspended sentence. He contends the court abused its discretion by

"sentencing [him] to the same terms and conditions, including the prohibition on contact with

females under the age of [eighteen], that he had previously been subjected to." For the following

reasons, we affirm the court's ruling.

BACKGROUND

Appellant's involvement with the criminal justice system began in 2008, when he was

convicted of two counts of forgery and one count of uttering, as well as misdemeanor petit larceny,

obtaining money by false pretense, and identity fraud. The court imposed a sentence of three years

of incarceration, all suspended, and two years of probation.

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

While on probation, appellant was banned from two middle schools after approaching two female students and calling them "pretty" and "sexy." He was ordered to complete a psychosexual evaluation, during which he admitted being sexually attracted to female minors. He also admitted writing a "love letter" to a nine-year-old girl. Appellant was subsequently diagnosed with pedophilia.

In 2011, appellant was convicted of two additional felonies, forgery and obtaining money by false pretense, and sentenced to ten years of incarceration, all suspended, and ten years of supervised probation. The court also found appellant in violation of his 2008 probation conditions, revoked his probation, imposed one year of the original sentence, and ordered probation to continue for ten years.

Appellant acquired five new felony convictions in 2012: one count of obtaining money by false pretense and four counts of issuing bad checks. The court sentenced appellant to seven years of incarceration, six years and eight months suspended, and two years of probation.

In August 2014, the court found appellant guilty of violating his probation on his seven most recent felony convictions. The court revoked the entire balance of the suspended sentence, re-suspended all but four years and eight months, and ordered that appellant's probation continue for ten years upon his release. The court also added specific conditions to the terms of probation consisting of the following:

> [Appellant] is ORDERED to have <u>absolutely</u> <u>no</u> <u>contact</u> with any females under the age of eighteen (18) years, no texting, no internet, [and] he is further ORDERED to complete the Sexual Offender Awareness Program with the Department of Corrections and must attend each and every treatment session.

In August 2018, appellant was released from prison and began probation. Due to his prior inappropriate actions with minors and his pedophilia diagnosis, in addition to his court-ordered specific conditions appellant was placed in a probation program designed for sex offenders.

Shortly thereafter, appellant admitted to his probation officer that he had been communicating with a minor by phone. The probation officer did not file a violation report.

Appellant moved to a new probation district where he continued to be supervised as a sex offender. His new probation officer communicated with the facilitator of the Sex Offender Awareness Program, who advised that appellant was completing the program but "should not be around any minors at all."

At his annual polygraph in March 2019, appellant admitted that he owned a cell phone with internet service and had spoken to an eleven-year-old girl several times. In August 2019, appellant acknowledged that he had various social media accounts and had been in contact with a fourteen-year-old girl by phone and in person. He allowed his probation officer to search his cell phone, which contained several pictures of minors.

Appellant was subsequently arrested for violating probation, and in September 2019 he was released on bond pending a revocation hearing. Appellant admitted to his probation officer that during his release on bond he had been using a cell phone with internet service and accessing Facebook. He also acknowledged that he obtained pictures of children by misrepresenting his identity on Facebook. The probation officer again searched appellant's cell phone and found several pictures of minors, including an image of a naked female who appeared to be between fourteen and sixteen years old. Based on public safety concerns, appellant was reincarcerated pending his probation revocation hearing.

The court conducted the revocation hearing on November 6, 2019. Appellant's probation officer testified that most of appellant's probation restrictions, including the court-ordered specific conditions, related to his pedophilia diagnosis, not his underlying convictions. At the end of the Commonwealth's evidence, appellant's counsel argued,

> [Appellant has] never been convicted as a . . . sex offender. He has never had any allegations of a sexual crime against him. In fact, the only things that he is on probation for are a number of larceny type and fraud type offenses. Your Honor, we believe that while probation and while the [c]ourt has a broad discretion in the terms that . . . they can impose for probation, that there has to be some sort of relationship to the sanctions imposed and the crimes that the probationer is . . . on probation for.

During his argument, appellant's counsel also asserted that appellant's probation conditions were "relate[d] to [appellant's] [F]irst [A]mendment rights" and an "undue burden on [appellant's] [F]irst [A]mendment right." Appellant's counsel did not support these assertions with any substantive argument.

The court concluded that probation conditions could address a probationer's pedophilia to prevent victimization of children, regardless of the probationer's underlying convictions. The court found appellant in violation of his probation, revoked his fourteen-year suspended sentence, re-suspended all but one year, and ordered that appellant's probation continue for ten years under the same conditions previously imposed.

## ANALYSIS

Appellant contends that the court erred by imposing specific probation conditions which prohibit him from having contact with females under the age of eighteen, texting, and using the internet, because those conditions are unrelated to his underlying larceny and fraud convictions. Appellant argues that the "no texting" condition is unreasonable because "[t]he record contains no evidence that texting or a cell phone was used in any of the original offenses." He also asserts that the "no contact" and "no internet" conditions are unreasonable because "none of the original offenses included females under the age of [eighteen] or use of the internet." Accordingly, he asks this Court to remand his case for a redetermination of the conditions of his probation and suspended sentence.

- 4 -

Code § 19.2-303 provides that "[a]fter conviction, whether with or without jury, the court may suspend imposition of sentence or suspend the sentence in whole or part and in addition may place the defendant on probation *under such conditions as the court shall determine*[.]" (Emphasis added). "[P]robation statutes are highly remedial and should be liberally construed to provide trial courts a valuable tool for rehabilitation of criminals." Lee v. Commonwealth, 71 Va. App. 205, 209 (2019) (quoting Grant v. Commonwealth, 223 Va. 680, 684 (1982)). In considering whether to grant probation, "the task of the sentencing judge is to balance the appropriate punishment for the crime committed with the available rehabilitative alternatives to incarceration and the protection of the lives and property of the community if the defendant is not isolated from it." Fazili v. Commonwealth, 71 Va. App. 239, 250 (2019); see Griffin v. Wisconsin, 483 U.S. 868, 875 (1987) ("[Probation] restrictions are meant to assure that the probation serves as a period of genuine rehabilitation and that the community is not harmed by the probationer's being at large.").

"[Code § 19.2-303] places wide discretion in the trial court to determine what conditions are to be imposed in each particular case." Nuckoles v. Commonwealth, 12 Va. App. 1083, 1085 (1991). Appellate courts review probation conditions imposed by a trial court for an abuse of discretion. Martin v. Commonwealth, 274 Va. 733, 735 (2007). "In the absence of a clear statutory or constitutional violation, [this Court] defer[s] to the discretion of the circuit court regarding the decision of whether any act of grace is appropriate in the first instance and secondarily, what conditions will strike an appropriate balance between rehabilitation and public safety." Garibaldi v. Commonwealth, 71 Va. App. 64, 69-70 (2019). In fact, "[a]bsent an alleged statutory or constitutional violation, '[t]he sole statutory limitation placed upon a trial court's discretion in its determination of such conditions is one of reasonableness.'" Du v. Commonwealth, 292 Va. 555, 563 (2016) (second alteration in original) (quoting Anderson v. Commonwealth, 256 Va. 580, 585 (1998)).

A reasonable condition is one that considers "the nature of the offense, the defendant's background, and the surrounding circumstances." Murry v. Commonwealth, 288 Va. 117, 122 (2014); see, e.g., Du, 292 Va. at 565-68 (affirming reasonableness of a "no contact" probation condition because the "family dynamic" made the victim "uniquely vulnerable" to the defendant).

Although the "nature of the offense" is one of the three factors which a court may consider in determining the reasonableness of a probation requirement, a court is not limited to imposing conditions that directly correspond to the nature of the underlying charge. Rather, probation conditions are in place to "serve[] as a period of genuine rehabilitation and [ensure] that the community is not harmed by the probationer's being at large." Griffin, 483 U.S. at 875.

Appellant argues that the specific conditions of his probation are unreasonable solely because they are unrelated to his underlying fraud and larceny convictions. However, the statutory and precedential language defining the bounds of reasonable probation conditions includes probation conditions that are unrelated to a probationer's underlying conviction. Code § 19.2-303 gives a court broad authority to impose "conditions as the court shall determine," and in so doing, the court may consider not only the underlying nature of the conviction but also the "defendant's background" and "surrounding circumstances." Murry, 288 Va. at 122; see also Garibaldi, 71 Va. App. at 69-70. Based on this language, circuit courts regularly impose probation conditions that are unrelated to a probationer's underlying conviction, such as conditions of drug treatment, mental health treatment, and sex offender therapy.

Here, appellant's background and the circumstances of his behavior on probation show that he was a safety risk for minors. Appellant demonstrated a pattern of inappropriate conduct with female minors, acknowledged sexual attraction to children, and was clinically diagnosed as a pedophile. He was barred from two middle schools for inappropriately approaching young girls. He wrote a "love letter" to a nine-year-old girl. Despite an admonition from a Sex Offender

Awareness Program facilitator that appellant "should not be around any minors at all," he contacted eleven- and fourteen-year-old girls and kept pictures of young children on his cell phone, including an image of a naked girl who appeared to be underage. Additionally, he used subterfuge to obtain pictures of minor children on Facebook.

The court's decision to place appellant on probation rather than incarcerating him was an "act of grace." See Fazili, 71 Va. App. at 252 (quoting Price v. Commonwealth, 51 Va. App. 443, 448 (2008)). When deciding whether to place appellant on probation, the court had to "balance the appropriate punishment for the crime committed with the available rehabilitative alternatives to incarceration and the protection of the lives and property of the community if [appellant was] not isolated from it." Id. at 250. Thus, it was appropriate for the court to impose specific probation conditions to protect the public while appellant was not incarcerated. Cf. Murry, 288 Va. at 127 ("[T]he Commonwealth has the legitimate concern that a probationer is more likely to engage in criminal activities than an ordinary citizen."). Clearly, based on appellant's troubling background and behavior on probation, the court did not abuse its discretion by imposing specific probation conditions prohibiting appellant from having contact with underage girls, texting, and using the internet.

On brief, appellant alternatively contends that the specific conditions of his probation "infringe upon his First Amendment rights and fail[] to survive intermediate scrutiny." However, at the revocation hearing, appellant's argument was limited to the lack of relationship between his specific probation conditions and the nature of his underlying crimes. Appellant's counsel mentioned the First Amendment only briefly, in the middle of the argument, when he asserted that appellant's specific conditions of probation were "relate[d] to his [F]irst [A]mendment rights." He later reiterated, without supporting argument, that the probation conditions "violate[d] Virginia [l]aw" and were "an undue burden on [appellant's] [F]irst [A]mendment right." Except for these

passing and unsupported references to the First Amendment, appellant's entire argument focused on the relationship between his probation conditions and his underlying convictions.

States may restrict the exercise of a First Amendment right through specific, "narrowly tailored" actions, including imposition of probation conditions. Fazili, 71 Va. App. at 251 (quoting Packingham v. North Carolina, 137 S. Ct. 1730, 1736 (2017)). The constitutional validity of content-neutral restrictions is determined by conducting an "intermediate scrutiny" analysis, whereby the state action "must not 'burden substantially more speech than is necessary to further the government's legitimate interests.'" Id. (quoting Packingham, 137 S. Ct. at 1736).

Here, appellant failed to articulate how his specific conditions of probation imposed an "undue burden on his [F]irst [A]mendment right." He did not argue, for instance, that the conditions restricted content-based speech, were applied broadly and arbitrarily, or closed appellant's alternatives for public communication. See, e.g., Forsyth Cnty., Ga. v. Nationalist Movement, 505 U.S. 123, 130 (1992) (discussing the constitutionality of state actions which control the time, place, and manner of speech). Instead, the entire substance of appellant's argument concerned the lack of relation between the probation conditions and the underlying charges. We conclude that appellant's argument based on the First Amendment, articulated for the first time on appeal, is procedurally defaulted under Rule 5A:18.

Rule 5A:18 states as follows:

> No ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice. A mere statement that the judgment or award is contrary to the law and the evidence is not sufficient to preserve the issue for appellate review.

"Under this rule, a specific argument must be made to the trial court at the appropriate time, or the allegation of error will not be considered on appeal." Edwards v. Commonwealth, 41 Va. App. 752,

760 (2003) (*en banc*). "A general argument or an abstract reference to the law is not sufficient to preserve an issue." Id. See Buck v. Commonwealth, 247 Va. 449, 452-53 (1994); Scott v. Commonwealth, 31 Va. App. 461, 464-65 (2000). "Making one specific argument on an issue does not preserve a separate legal point on the same issue for review." Edwards, 41 Va. App. at 760. Further, "Rule 5A:18 applies to bar even constitutional claims." Ohree v. Commonwealth, 26 Va. App. 299, 308 (1998).

Appellant's bare assertion at the revocation hearing that the probation conditions were "an undue burden" on his First Amendment rights was too general, abstract, and superficial to preserve the issue for appellate review. Furthermore, appellant failed to obtain a ruling from the trial court regarding any constitutional challenge to the probation conditions. Because appellant failed to satisfy the requirements of Rule 5A:18, we will not consider his First Amendment argument on appeal. See Edwards, 41 Va. App. at 760-61.

In sum, we hold that under these circumstances the court did not abuse its discretion by imposing probation conditions which prohibited appellant from having contact with female minors, texting, and using the internet. We therefore affirm the court's ruling imposing those specific conditions of probation.

Affirmed.