UPON REHEARING EN BANC
McCLANAHAN, Judge.
This matter comes before the Court on a rehearing en banc from a divided memorandum panel decision, Widdifield v. Commonwealth, Record No. 3100-02-2, 2004 WL 234974, decided February 10, 2004. Jennifer Lea Widdifield appeals an order of the Circuit Court of Henrico County revoking her suspended sentence and effectively imposing a period of incar *561 ceration exceeding her original two-year penitentiary sentence. On appeal, Widdifield contends that the trial court erred in not giving her credit for twelve months served in jail, thereby causing her to serve three years of incarceration for a two-year sentence. Upon rehearing en banc, the judgment of the trial court is affirmed on procedural grounds as set forth in the panel’s plurality opinion and for the reasons that follow.
I. Background
On October 11, 2000, Widdifield was convicted for grand larceny pursuant to Code § 18.2-95.[1] On February 5, 2001, Widdifield was sentenced to a term of two years confinement in the state penitentiary, suspended for five years on the condition the defendant serve twelve months in jail, be of good behavior for five years, and complete five years of supervised probation. The court appropriately credited Widdifield for the time spent in pre-trial confinement pursuant to Code § 53.1-187.
Widdifield served twelve months in the Henrico County jail and was released from custody in January 2002. In April 2002, a show cause order was issued against Widdifield as a result of her non-compliance with supervised probation. After a hearing on the probation violations, the court continued the case for three months. In July 2002, after receiving a report of her further violations of probation, the court issued a capias. When she failed to appear, the court set a hearing for October 24, 2002.
At the conclusion of the hearing, the trial court found Widdifield in violation of the terms of her probation and the conditions of her suspended sentence, and re-imposed her two-year prison sentence. The following exchange occurred at the conclusion of appellant’s revocation hearing:
*562 [THE COURT]: Based on all the matters brought to the Court’s attention, the Court finds you in violation of the terms of your suspended sentence. The Court revokes the two years that were suspended. I’m revoking all the time and you are remanded to the custody of the Sheriff.
MR. SIMPSON: Judge she receives—
THE COURT: She’ll have a credit for the capias time. Is that your question?
MR. SIMPSON: Does she receive credit for the 12 months she pulled as well?
THE COURT: No, because I gave her a two-year sentence suspended on the condition that she serve 12 months and she served that and there’s still two years left.
DEFENDANT WIDDIFIELD: I serve two years?
THE COURT: Yes, I just checked the sentencing order to make sure.
MR. SIMPSON: I understand.
THE COURT: You can check it.
MR. SIMPSON: I’m not sure that’s how it works but—
THE COURT: All right, go ahead.
MR. SIMPSON: Thank you.
The court’s order read:
Whereupon, after taking into consideration all of the evidence and the argument of counsel, the Court Adjudges and Orders that the sentence imposed in this case on February 1, 2001 of confinement in the penitentiary of this Commonwealth for a term of two (2) years, the execution of which sentence was suspended for five (5) years on the condition the defendant serve (12) months in jail, is hereby revoked.
The appeal followed.
II. Analysis
On appeal we view the facts in the light most favorable to the Commonwealth, the party prevailing below, together with all reasonable inferences fairly deducible therefrom. See Ortega v. Commonwealth, 31 Va.App. 779, 786, 525 S.E.2d *563 623, 627 (2000). Rule 5A:18 states, “No ruling of the trial court ... will be considered as a basis for reversal unless the objection was stated together with the grounds therefor at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice.” Under Rule 5A:18, a specific argument must be made to the trial court at the appropriate time, or the allegation of error will not be considered on appeal. See Mounce v. Commonwealth, 4 Va.App. 433, 435, 357 S.E.2d 742, 744 (1987). An abstract reference is not sufficient to preserve an issue. Buck v. Commonwealth, 247 Va. 449, 452-53, 443 S.E.2d 414, 416 (1994); Scott v. Commonwealth, 31 Va.App. 461, 464-65, 524 S.E.2d 162, 164 (2000). The record in this case shows only that appellant’s counsel queried whether appellant would receive credit for the twelve months she had already served imposed as a condition for the two-year sentence. In fact, in appellant’s brief, counsel’s actions are described as an “inquiry” and a “question.”
After inquiry by defense counsel, the court ordered that defendant would receive no credit for the 12 months in jail already served in the case. [Appendix p. 36, In. 24; Appendix p. 37, In. 1-3] Defense counsel questioned the correctness of such an order, but the court took no further action, and the defendant was remanded. [Appendix p. 37, In. 7-10].
(Emphasis added.) Such an inquiry or question does not expressly indicate the action that appellant wanted the trial court to take. Appellant failed to state an objection “together with the grounds therefor” at the time of the ruling.
Rule 5A:18 allows exceptions for good cause or to meet the ends of justice. However, appellant does not argue that we should invoke the exceptions. See Redman v. Commonwealth, 25 Va.App. 215, 221, 487 S.E.2d 269, 272 (1997). Here, there is no affirmative showing of cause to invoke any exception to Rule 5A:18. Appellant did not raise it in her brief on appeal, did not file a reply brief responding to the Commonwealth’s assertion of the default issue in its brief, did not assert it in oral argument at the three-judge panel stage, and, *564 again, did not assert it in her brief or in oral argument at the en banc stage, even though she was alerted to her failure to raise the ends-of-justiee exception in the three-judge panel decision. When an appellant has had so many opportunities to raise the exception and has not, for the Court to raise it sua sponte would compromise the Court’s role and place it in the position of becoming a de facto advocate. This Court will not consider, sua sponte, an ends-of-justice argument under Rule 5A:18.

Affirmed.

. Code § 18.2-95 provides for punishment "by imprisonment in a state correctional facility for not less than one nor more than twenty years or, in the discretion of the jury or court trying the case without a jury, be confined in jail for a period not exceeding twelve months or fined not more than $2,500, either or both.”