COURT OF APPEALS OF VIRGINIA


Present:    Judges Elder, Frank and Humphreys
Argued at Richmond, Virginia


SHAWN M. MYERS

                                                MEMORANDUM OPINION[*] BY
v.        Record No. 0170-04-2              JUDGE ROBERT J. HUMPHREYS
                                                     APRIL 26, 2005

COMMONWEALTH OF VIRGINIA


              FROM THE CIRCUIT COURT OF KING GEORGE COUNTY
                         Horace A. Revercomb, III, Judge

          James J. Ilijevich, Deputy Public Defender (Gray Collins; Office of
          the Public Defender, on brief), for appellant.

          Josephine F. Whalen, Assistant Attorney General (Judith W.
          Jagdmann, Attorney General, on brief), for appellee.


       Appellant Shawn M. Myers ("Myers") appeals the trial court's revocation of a portion of

his suspended sentences, contending that, because the evidence did not show that Myers willfully

violated the terms of his probation, the trial court abused its discretion in ordering the revocation.

For the reasons that follow, we hold that Myers is procedurally barred from arguing for the first

time on appeal that he was financially unable to comply with the terms of his supervised

probation.  Thus, we affirm the judgment of the trial court.

       On June 8, 2001, the Spotsylvania County Circuit Court convicted Myers of carnal

knowledge and taking indecent liberties with a child.  He was sentenced to a total of two years

and ten months in prison, but the trial court suspended two years of his sentence conditioned

_____

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.  Moreover,
as this opinion has no precedential value, we recite only those facts necessary to our holding.

upon two years of good behavior, supervised probation, sexual offender treatment, and payment of costs.

On August 24, 2001, the King George County Circuit Court convicted Myers of credit card theft, in violation of Code § 18.2-192, petit larceny, in violation of Code § 18.2-96, and identity theft, in violation of Code § 18.2-186.3. The trial court sentenced Myers to a total of twelve years in prison, but it suspended ten and a half years of his sentence. The suspended sentence was made conditional upon Myers "be[ing] of good behavior and observ[ing] all laws for a period of ten years."

Myers was released from prison on August 12, 2003 and placed on supervised probation. Myers first met with his probation officer, Angelia Anderson, on September 8, 2003.[1] At the September 8 meeting, Anderson reviewed Myers' probation conditions with him, and Myers signed the form listing the conditions of his supervised probation. According to Condition 6 of his supervised probation, Myers promised to "follow the Probation and Parole Officer's instructions and [] be truthful, cooperative, and report as instructed." In accordance with this condition, Anderson instructed Myers that he would have to attend a group sex offender treatment program once a week, also informing him that, although the treatment group was partially funded by the Department of Corrections, he would have to contribute $20 per week for his therapy.

Myers began his group therapy on October 20, 2003. He was an hour late for his first group. Also, he refused to sign the contract for sex offender treatment, was uncooperative with the counselor, argued that he did not need treatment, asked what he could do to get out of the group, and claimed he could not afford the group.

---

[1] Anderson is Myers' probation officer for both sets of convictions.

Anderson met with Myers on October 21, 2003. She again informed him that he needed to attend the sex offender treatment group, arrive on time, and be cooperative with the counselor. Myers responded that he did not feel he needed the treatment.

On November 3, 2003, the group counselor informed Anderson that Myers was not paying the $20 a week for the treatment group. Later that day, Anderson spoke with Myers by phone and again instructed him to attend the treatment group and to pay the $20 each week. Myers told Anderson that, even though he was employed at the time, he could not afford the $20. When questioned, Myers said that he was paying for tattoo classes. Anderson informed Myers that if he could afford tattoo classes, he could afford to pay for his treatment group. Myers then responded that he would begin paying for the treatment. However, on November 17, Myers again failed to either attend or pay for the treatment group.

Also, on November 6, Myers told Anderson that he had moved. Anderson informed Myers that he had to re-register with the Sex Offender Registry, and she instructed him to do so "immediately." Myers met with Anderson on November 18, 2003, and she asked if Myers had re-registered with the Sex Offender Registry. Myers replied that he had not.

Anderson then spoke with her supervisor and issued a PB-15, arresting Myers and asking the Commonwealth's Attorney to request that a show cause order be entered against Myers. On January 8, 2004, the Circuit Court of King George County conducted a show cause hearing to determine whether Myers had violated the terms of his supervised probation as pertaining to his convictions for credit card theft, petit larceny, and identity fraud.[2]

---

[2] Similar show cause proceedings were instigated in the Circuit Court of Spotsylvania County pertaining to Myers' convictions for indecent liberties and carnal knowledge, but the resolution of those proceedings is not at issue in this appeal.

In Myers' defense, his counsel contended that Myers tried to comply with the terms of his supervised probation, reasoning that the court should "consider everything that happened in th[e] about three month period and look at the degree of non-cooperation to see if, in fact, [Myers] was truly not cooperative with Ms. Anderson during that period of time." Myers' counsel reasoned that, although "[Myers] needs to change his attitude," overall, he "is trying to cooperate" and "has taken steps to rehabilitate himself." Although acknowledging that Myers "has a lengthy criminal record" and "has been in trouble for a long time," Myers' counsel argued that, "hopefully, Mr. Myers has turned the corner," reasoning that Myers had "met with his probation officer," attended "the sex offender treatment," and "began an apprenticeship program." Myers' counsel concluded that, "[p]erhaps, he won't fall back on some of the behavior that has gotten him into so much trouble in the past."

The court held that Myers had failed to follow Condition 6 of his supervised probation, reasoning that Myers "failed to re-register in King George [as a sex-offender] in the time he was instructed to by the officer," and also "failed to attend [the treatment group] meetings." Noting that Myers' "criminal history is extraordinary," the trial court revoked Myers' previously suspended sentences, but it then re-suspended all but one year of the remaining term.

The revocation of a suspended sentence lies in the discretion of the trial court and will not be disturbed on appeal absent an abuse of that discretion. Peyton v. Commonwealth, 268 Va. 503, 508, 604 S.E.2d 17, 19 (2004). Under the circumstances of this case, Myers contends that the trial court abused its discretion in revoking his suspended sentences because "the evidence did not show that [Myers] willfully failed to abide [by] the terms of his probation." Myers argues that his "interaction with the probation officer was tainted by the effects of his poverty," noting that he had to travel an extended distance "to attend the various meetings and programs," lacked a driver's license "because [he] failed to pay court costs," and "had to choose whether to

spend money on job training or rehabilitation programs." Myers concludes that his "inability to comply with his probation officer to the letter" was attributable solely to his financial constraints. However, because Myers did not present this argument to the trial court, we hold that we are barred from considering it on appeal.[3]

According to Rule 5A:18, "[n]o ruling of the trial court . . . will be considered as a basis for reversal unless the objection was stated together with the grounds therefor at the time of the ruling . . . ." And, although an objection to a particular ruling may be sufficient to preserve an issue for appeal, this Court "will not consider on appeal an argument that was not presented to the trial court." Roberts v. Roberts, 41 Va. App. 513, 525, 586 S.E.2d 290, 296 (2003); see also Buck v. Commonwealth, 247 Va. 449, 452-53, 443 S.E.2d 414, 416 (1994); West Alexandria Prop., Inc. v. First Va. Mort., 221 Va. 134, 138, 267 S.E.2d 149, 151 (1980); Edwards v. Comonwealth, 41 Va. App. 752, 760-61, 589 S.E.2d 444, 447-48 (2003); Michaels v. Commonwealth, 32 Va. App. 601, 607-08, 529 S.E.2d 822, 825 (2000). This rule is intended to afford the trial judge an opportunity to consider the issues intelligently and take corrective action, if necessary, "to avoid unnecessary appeals." Martin v. Commonwealth, 13 Va. App. 524, 530, 414 S.E.2d 401, 404 (1992) (*en banc*); see also Weidman v. Babcock, 241 Va. 40, 44, 400 S.E.2d 164, 167 (1991).

Here, Myers objected to the trial court's decision to revoke a portion of his suspended sentences because he violated the terms of his supervised probation. However, at no time during the proceedings below did Myers argue that he was unable to comply with the terms of his probation because of his financial constraints. Rather, Myers argued that his admitted

---

[3] Myers does not ask this Court to invoke the ends of justice exception to Rule 5A:18, and we decline to do so. See Widdifield v. Commonwealth, 43 Va. App. 559, 564, 600 S.E.2d 159, 162 (2004) (*en banc*) ("This Court will not consider, *sua sponte*, an ends-of-justice argument under Rule 5A:18.").

non-compliance was slight and, considering the positive strides he had made since his release, the trial court should decline to re-incarcerate him at that time.  Because Myers did not argue that he was financially unable to comply with the terms of his supervised probation, we hold that he is procedurally barred from doing so on this appeal.

Because Myers advances no further rationale in support of his argument that the trial court erred, we hold that the trial court did not abuse its discretion in revoking a portion of his suspended sentences.

<u>Affirmed.</u>