COURT OF APPEALS OF VIRGINIA

Present:   Judges Humphreys, Clements and McClanahan
Argued at Richmond, Virginia


THOR T. JOHNSON
                                                        MEMORANDUM OPINION* BY
v.        Record No. 2235-06-2           JUDGE ELIZABETH A. MCCLANAHAN
                                                        JULY 3, 2007
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT FOR THE CITY OF CHARLOTTESVILLE
Edward L. Hogshire, Judge

(Christopher C. Graham; Eustis & Graham, P.C., on brief), for
appellant.  Appellant submitting on brief.

Richard B. Smith, Special Assistant Attorney General (Robert F.
McDonnell, Attorney General, on brief), for appellee.


Thor T. Johnson (Johnson) was sentenced to a total of twenty-nine years and eleven

months for convictions on two charges of distribution of cocaine (second or subsequent offense)

and a probation violation.  The trial court suspended twenty-five years and five months effective

upon Johnson's entry into and successful completion of a post-incarceration program.  On

appeal, he maintains the sentencing order imposes an unlawful sentence.  We disagree and affirm

the trial court.

I.  BACKGROUND

Johnson pled guilty to two charges of distribution of cocaine (second or subsequent

offense) in violation of Code § 18.2-248 and to a probation violation.  At the time he pled guilty

and was sentenced, there were four years and eleven months left on his previously-suspended

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

sentence. He faced up to life in prison for each violation of Code § 18.2-248.[1] In the Sentencing and Probation Violation Order, the trial judge revoked the balance of the previously-suspended sentence, and sentenced Johnson to a term of ten years for the first violation of Code § 18.2-248 and to a term of fifteen years for the second violation. According to the order, "[t]he total sentence imposed is twenty-nine (29) years, eleven (11) months."

The order provides for suspension of two years, eleven months on the probation violation, nine years on the first violation of Code § 18.2-248, and thirteen years, six months on the second violation of Code § 18.2-248. The order states: "The total sentence suspended is twenty-five (25) years, five (5) months, effective at such time as the defendant is transferred to either the Bridge Ministries Program or the Piedmont House Transitional Program" upon certain specified conditions including good behavior, supervised probation and successful completion of the transitional program should he become eligible. The final paragraph of the order states Johnson shall "remain incarcerated until such time as space becomes available for him to enter the Bridge Ministries Program or the Piedmont House Transitional Program should he be found eligible for such programs." In the summary section, the order reiterates the total sentence imposed of twenty-nine years and eleven months with a suspension of twenty-five years and five months "effective [a]t such time as the Defendant enters into, and [s]uccessfully completes, [e]ither the Bridge Ministries Program, or the Piedmont House Transitional Program."

## II. ANALYSIS

On appeal, Johnson contends the sentencing order imposes an unlawful sentence because it requires him to remain incarcerated until such time as he enters one of two post-incarceration

---

[1] "Upon a second or subsequent conviction of [a violation of Code § 18.2-248], any such person may, in the discretion of the court or jury imposing the sentence, be sentenced to imprisonment for life or for any period not less than five years and be fined not more than $500,000." Code § 18.2-248(C).

programs.[2] According to Johnson, because he may never be accepted into one of these programs, the order potentially requires him to serve an indefinite term of incarceration. The Commonwealth argues Johnson is procedurally barred under Rule 5A:18[3] from challenging the order on appeal since he did not object to the trial court's order.

Johnson acknowledges he never objected to the sentencing order. However, he contends "the issue is jurisdictional" and relies on the principle that a sentence exceeding the statutory maximum is unlawful. See Deagle v. Commonwealth, 214 Va. 304, 305, 199 S.E.2d 509, 510 (1973) ("Where the sentence imposed is in excess of that prescribed by law, that part of the sentence which is excessive is invalid.") (citing Crutchfield v. Commonwealth, 187 Va. 291, 46 S.E.2d 340 (1948)). The Supreme Court of Virginia has held the ends of justice exception to Rule 5A:18 is justified when the sentence imposed exceeds that prescribed by law, Charles v. Commonwealth, 270 Va. 14, 20, 613 S.E.2d 432, 435 (2005), and we have permitted a defendant to challenge a sentence exceeding the statutory maximum even though defense counsel approved the erroneous sentencing instruction, Batts v. Commonwealth, 30 Va. App. 1, 13, 515 S.E.2d 307, 313-14 (1999).

In this case, however, the statutory maximum established by the General Assembly is life imprisonment for both of Johnson's drug convictions. Code § 18.2-248. The trial court

---

[2] We note Johnson did not designate on brief where in the record he preserved this issue for appeal as required by Rule 5A:20(c). Because we hold the issue was waived under Rule 5A:18, we need not address Rule 5A:20(c).

[3] Rule 5A:18 states: "No ruling of the trial court . . . will be considered as a basis for reversal unless the objection was stated together with the grounds therefor at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice." "Under Rule 5A:18, a specific argument must be made to the trial court at the appropriate time, or the allegation of error will not be considered on appeal." Widdifield v. Commonwealth, 43 Va. App. 559, 563, 600 S.E.2d 159, 161 (2004) (*en banc*). The purpose of the rule is to afford the trial court an opportunity to rule intelligently on the issue presented. Weidman v. Babcock, 241 Va. 40, 44, 400 S.E. 2d 164, 167 (1991).

sentenced Johnson to twenty-nine years, eleven months with a suspended sentence of twenty-five years, five months effective and conditioned upon his completion of a transitional program. The language complained of by Johnson simply makes it clear that he is to remain incarcerated (within his term) until such time as he enters one of the programs. Under any scenario, whether or not he enters one of the programs, he never serves one day past twenty-nine years, eleven months. His sentence does not, therefore, exceed the statutory maximum. Thus, the ends of justice exception does not apply and Johnson's challenge to the sentencing order is barred by Rule 5A:18. Accordingly, we affirm the order of the trial court.

Affirmed.