COURT OF APPEALS OF VIRGINIA

Present: Judges Decker, Malveaux and Senior Judge Haley
Argued at Fredericksburg, Virginia

UNPUBLISHED

PABLO NICOLAS VALLEJOS-AYALA

v.      Record No. 0194-18-4

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION[*] BY
JUDGE JAMES W. HALEY, JR.
DECEMBER 11, 2018

FROM THE CIRCUIT COURT OF ARLINGTON COUNTY
Louise M. DiMatteo, Judge

(Andrew M. Stewart; Dennis, Stewart & Krischer PLLC, on brief),
for appellant. Appellant submitting on brief.

Christopher P. Schandevel, Assistant Attorney General (Mark R.
Herring, Attorney General, on brief), for appellee.

Pablo N. Vallejos-Ayala, appellant, was convicted in a jury trial of misdemeanor assault and

battery in violation of Code § 18.2-57. The jury fixed his sentence at six months in jail, which the

trial court imposed. Appellant argues on appeal that the court erred in ordering that he have no

contact with the victim. We find that appellant did not preserve the issue at trial.

BACKGROUND

Viewed in the light most favorable to the Commonwealth, Wells v. Commonwealth, 65

Va. App. 722, 725, 781 S.E.2d 362, 364 (2016), the evidence established that the victim had met

appellant at work and had been in a relationship with him for more than two years. On June 17,

2017, the victim invited appellant to her apartment after work. He became angry when she

questioned him about his connection to another woman and physically assaulted her. The victim

_____

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

eventually fled her apartment and called the police. Appellant was charged with strangulation and assault and battery, and the victim obtained a protective order against him.

Appellant testified at trial that he and the victim had been "friends with benefits" and usually met at her apartment twice a month. He denied strangling the victim and said she had hit him first and then tripped and fell.

At the trial on October 30, 2017, the jury acquitted appellant of strangulation but found him guilty of misdemeanor assault and battery and set his sentence at six months in jail. Appellant's counsel asked the trial court to impose that sentence, saying that appellant had been incarcerated since his arrest, more than four months earlier, and likely would be released as soon as he was given credit for time served before trial. The prosecutor asked the court to order that appellant have no contact with the victim. When the court asked appellant's counsel if he objected to that, counsel replied that he was not certain such a provision was "a component of what's an available sentence."

The court concluded that it could "order [no contact] within the ambit of a sentencing provision." The court then imposed the six-month sentence, with no time suspended, and ordered that appellant have no contact with the victim for one year. The court told appellant that a violation of the no-contact provision would be enforced as contempt of court. The court entered its order on November 8, 2017. The order stated that appellant "shall have no contact, whatsoever, either directly or indirectly, with the victim," but was silent as to the duration of that provision.[1] The order also directed that appellant's counsel be paid for his services and that appellant pay court costs.

---

[1] We note that if the final order had stated that the duration of the no-contact provision was one year, the provision would have expired on November 8, 2018.

- 2 -

ANALYSIS

A trial court's sentencing decisions are "reviewed under an abuse of discretion standard." Commonwealth v. Greer, 63 Va. App. 561, 567, 760 S.E.2d 132, 135 (2014). However, a court abuses its discretion if its decision was based on an erroneous legal conclusion. See id. at 568, 760 S.E.2d at 135. Questions of law are reviewed *de novo* on appeal. Id.

Appellant argues that the trial court abused its discretion in ordering that he have no contact with the victim because the court had no authority to impose that provision and, thus, the order is void *ab initio*. A judgment is void *ab initio* if it was:

> entered by a court in the absence of jurisdiction of the subject
> matter or over the parties, if the character of the order is such that
> the court had no power to render it, or if the mode of procedure
> used by the court was one that the court could not lawfully adopt.

Singh v. Mooney, 261 Va. 48, 51-52, 541 S.E.2d 549, 551 (2001); accord Kelley v. Stamos, 285 Va. 68, 75, 737 S.E.2d 218, 222 (2013). In contrast, a judgment that contains mere legal error is voidable only, and it may be challenged only in a timely direct appeal. See Singh, 261 Va. at 51-52, 541 S.E.2d at 551. Because the alleged error in the sentencing order did not raise a question of the court's subject matter jurisdiction, any error rendered the order voidable rather than void. See Kelley, 285 Va. at 79, 737 S.E.2d at 224. Consequently, by failing to affirmatively, specifically object when the court imposed the no-contact provision, appellant has waived his argument on appeal to this Court.[2]

Rule 5A:18 provides that "[n]o ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice."

---

[2] We also find that Rule 5A:18 bars appellant's assertion that the trial court did not comply with Code § 19.2-303 because it did not file a written statement explaining why it departed from the jury's sentence by imposing a no-contact provision.

Because appellant did not make a specific objection at trial regarding the no-contact provision, together with the grounds supporting the objection, he failed to preserve the issue for appeal. See Edwards v. Commonwealth, 41 Va. App. 752, 760, 589 S.E.2d 444, 448 (2003) (*en banc*) ("A general argument or an abstract reference to the law is not sufficient to preserve an issue."). The purpose of Rule 5A:18 is to ensure that the trial court has an "opportunity to consider the issues intelligently and take corrective action." Copeland v. Commonwealth, 42 Va. App. 424, 441, 592 S.E.2d 391, 399 (2004). It also "gives the opposing party the opportunity to meet the objection at that stage of the proceeding." Weidman v. Babcock, 241 Va. 40, 44, 400 S.E.2d 164, 167 (1991).

Appellant's trial counsel told the court that he was uncertain whether the court could order a no-contact provision as part of the sentence, but he did not object when the court announced its ruling. Counsel's statement that he did not "think" or "know" whether a no-contact provision was "a component of what's an available sentence" was not a specific objection that preserved the issue for appeal. See Widdifield v. Commonwealth, 43 Va. App. 559, 563, 600 S.E.2d 159, 161 (2004) (*en banc*); see also Oden v. Salch, 237 Va. 525, 533, 379 S.E.2d 346, 351 (1989) (holding that defense counsel did not object "with reasonable certainty" where he had "stated that he objected to [an] instruction because he did not 'believe that it's an accurate statement of law, nor that it's a proper instruction to give based on the facts of this case'").

In Widdifield, defense counsel asked the trial court whether the defendant "would receive credit for the twelve months she had already served," which had been imposed as a condition of her two-year suspended sentence. 43 Va. App. at 563, 600 S.E.2d at 161. Counsel then commented that he was "not sure that's how it works" when the trial court indicated that it did not intend to give credit for the twelve months. Id. at 562, 600 S.E.2d at 161. On appeal, the

- 4 -

defendant argued that the court's failure to give her credit "caus[ed] her to serve three years of incarceration for a two-year sentence." Id. at 561, 600 S.E.2d at 160. This Court held that the defendant's argument was barred by Rule 5A:18 because defense counsel's query did "not expressly indicate the action that [the defendant] wanted the trial court to take." Id. at 563, 600 S.E.2d at 162. Merely "question[ing] the correctness" of the proposed action did not preserve the issue for appeal. Id. at 563, 600 S.E.2d at 161-62.

We find that Widdifield controls the outcome of this case. Telling the trial court that he was uncertain about the correctness of ordering no contact with the victim was not sufficient to apprise the court that appellant expressly objected to such a provision. Accordingly, we find that Rule 5A:18 bars our consideration of the merits of appellant's claim, and we affirm the ruling of the trial court.[3]

Affirmed.

---

[3] We note that appellant did not ask us to apply either the good cause or ends of justice exception to Rule 5A:18, and we decline to do so *sua sponte*. See, e.g., Widdifield, 43 Va. App. at 564-64, 600 S.E.2d at 162.