COURT OF APPEALS OF VIRGINIA

Present: Judges AtLee, Friedman and Senior Judge Clements

RICHARD CHASE MAHER

                                  MEMORANDUM OPINION*
v.     Record No. 1672-22-2                        PER CURIAM
                                    MAY 30, 2023
COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF LOUISA COUNTY
Timothy K. Sanner, Judge

(Richard T. Harry, Jr., on brief), for appellant. Appellant submitting
on brief.

(Jason S. Miyares, Attorney General; Matthew P. Dullaghan, Senior
Assistant Attorney General, on brief), for appellee.

A jury convicted Richard Chase Maher of strangulation, assault and battery of a family

member, third or subsequent offense, and violating a protective order, second or subsequent

offense, under Code §§ 18.2-51.6, -57.2 and 16.1-253.2. The Circuit Court of Louisa County

sentenced Maher to a collective sentence of 10 years and 12 months with 5 years suspended.

Maher argues on appeal that the evidence was insufficient as a matter of law to find him guilty of

assault and battery of a family member and strangulation. However, he made no motions to

strike or set aside the convictions for those charges, and his arguments on appeal are therefore

waived under Rule 5A:18. The panel therefore unanimously holds that oral argument is

unnecessary because "the appeal is wholly without merit" and affirms the order of the circuit court.

Code § 17.1-403(ii)(a); Rule 5A:27(a).

---

* This opinion is not designated for publication. *See* Code § 17.1-413.

BACKGROUND

A Louisa County grand jury indicted Maher with felony strangulation under Code § 18.2-51.6, felony aggravated malicious wounding under Code § 18.2-51.2, felony assault and battery of a family member, third or subsequent offense, under Code § 18.2-57.2, and misdemeanor violation of a protective order, second or subsequent offense, under Code § 16.1-253.2. In the course of the jury trial, at the close of the Commonwealth's case-in-chief, Maher moved to strike the evidence of aggravated malicious wounding, contending that the evidence was insufficient to establish a permanent injury. The trial court ruled that the evidence of permanent injury related specifically to the strangulation charge and there was insufficient evidence that the other conduct alleged to be an aggravated malicious wounding resulted in a permanent injury. The trial court therefore granted Maher's motion to strike the aggravated malicious wounding charge. Maher made no motion to strike the other offenses or alleged that the Commonwealth's evidence was insufficient to support a conviction for those other offenses.

Maher then put on his evidence and testified, claiming self-defense. After the defense rested, the Commonwealth presented no rebuttal and also rested. Maher made no renewed motion to strike or argued to the trial court that the evidence was insufficient as a matter of law to convict for the remaining charges, instead only presenting closing argument to the jury. The jury found Maher guilty of strangulation, assault and battery of a family member, third or subsequent offense, and violating a protective order, second or subsequent offense. The trial court accordingly convicted and, after a hearing, sentenced Maher to 10 years and 12 months of incarceration with 5 years suspended. Maher made no motion to set aside the verdict.

## ANALYSIS

Maher argues only that the evidence was insufficient as a matter of law to support his convictions because the witness lacked sufficient credibility to overcome his self-defense testimony.

"No ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable this Court to attain the ends of justice." Rule 5A:18. "The purpose of Rule 5A:18 is 'to ensure that the trial court and opposing party are given the opportunity to intelligently address, examine, and resolve issues in the trial court, thus avoiding unnecessary appeals.'" *Friedman v. Smith*, 68 Va. App. 529, 544 (2018) (quoting *Andrews v. Commonwealth*, 37 Va. App. 479, 493 (2002)). "Rule 5A:18 requires a litigant to articulate an objection with specificity 'so that the trial judge . . . know[s] the *particular* point being made in time to do something about it.'" *Hicks v. Commonwealth*, 71 Va. App. 255, 266 (2019) (alterations in original) (quoting *Thomas v. Commonwealth*, 44 Va. App. 741, 750, *adopted upon reh'g en banc*, 45 Va. App. 811 (2005)).

A defendant's failure to object to the sufficiency of the evidence "is a waiver of that issue just as if the defendant 'failed to object to any other matter at trial.'" *Murrillo-Rodriguez v. Commonwealth*, 279 Va. 64, 80 (2010) (quoting *White v. Commonwealth*, 3 Va. App. 231, 233 (1986)). A defendant tried by a jury may preserve his objections to the sufficiency of the evidence in a motion to strike at the conclusion of the Commonwealth's case (if he elects to not introduce evidence of his own), in a motion to strike at the close of all evidence, or in a motion to set aside the verdict. *Commonwealth v. Bass*, 292 Va. 19, 33 (2016). "[A] challenge to the sufficiency of the Commonwealth's evidence is waived if not raised with some specificity in the trial court." *Mounce v. Commonwealth*, 4 Va. App. 433, 435 (1987). "In addition, '[m]aking one specific argument on an issue does not preserve a separate legal point on the same issue for review.'" *Banks v. Commonwealth*, 67 Va. App. 273, 285 (2017) (alteration in original) (quoting *Edwards v. Commonwealth*, 41 Va. App. 752, 760 (2003) (en banc)).

Maher made a motion to strike but argued only that the evidence was insufficient to support the aggravated malicious wounding charge and raised no sufficiency challenge to the other charges. The trial court considered the evidence on the aggravated malicious wounding, found a separate legal reason why the evidence was insufficient for that offense, and granted the motion to strike. Maher never argued to the trial court, during or after trial, that the witness's credibility was insufficient to overcome his self-defense claim as a matter of law as to the other charges. His motion to strike on one offense does not preserve novel arguments that the evidence was insufficient for other offenses. His argument on appeal is therefore not preserved.

Although there are exceptions to the preservation requirement under Rule 5A:18, Maher did not raise them on brief. "This Court will not consider, *sua sponte*, an [exception] under Rule 5A:18." *Widdifield v. Commonwealth*, 43 Va. App. 559, 564 (2004) (en banc). We therefore do not consider whether any exception was applicable in this case.

CONCLUSION

For the foregoing reasons, we affirm the order of the trial court.

*Affirmed*.