UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present:   Judges Beales, Causey and White
Argued at Alexandria, Virginia

LORI SWARTZ

MEMORANDUM OPINION* BY
v.       Record No. 1679-24-4          JUDGE RANDOLPH A. BEALES
DECEMBER 30, 2025

VALLEY HEALTH SYSTEM

FROM THE CIRCUIT COURT OF THE CITY OF WINCHESTER
Alexander R. Iden, Judge

E. Scott Lloyd (Lloyd Law Group, PLLC, on brief), for appellant.

Jonathan M. Sumrell (Kimberly W. Daniel; Daniel P. Hogan;
Hancock, Daniel, & Johnson, P.C., on brief), for appellee.


Lori Swartz appeals the decision of the Circuit Court of the City of Winchester granting

Valley Health System's motion to strike.  Swartz argues that the trial court erred by permitting

Valley Health System ("Valley Health") to reargue its demurrer as a motion to strike.  Swartz also

argues that the trial court erred in finding that the Virginia Human Rights Act does not require

employers to accommodate an employee's religious beliefs.

I.  BACKGROUND

Swartz worked as a certified nursing assistant in the pulmonary unit at Winchester Medical

Center, a Valley Health facility, from 1999 to 2021.  On July 19, 2021, Valley Health announced a

vaccine mandate, requiring all employees to be fully vaccinated against COVID-19.  The mandate

provided an opportunity for employees to file requests for religious exemptions.  Valley Health

created a religious exemption committee to review the exemption requests and established standards

---

* This opinion is not designated for publication.  *See* Code § 17.1-413(A).

for the committee to follow when reviewing requests. Employees whose requests were denied were given until September 7, 2021 to be vaccinated, or they would be put on administrative leave for 14 days. If the employee failed to get vaccinated within that 14 days, Valley Health would terminate their employment. The committee received 204 applications for religious exemptions and 65% of the applicants were issued exemptions.

On August 10, 2021, Swartz submitted a written request for a religious exemption, stating that COVID-19 vaccines and testing violated her sincerely held religious beliefs because "[t]he body is the temple of the Holy Spirit and as such, should not be used for medical experimentation." She also objected to the "use [of] recombinant RNA, from aborted fetal cell line tissue because of the sanctity of life and the Law of the Old Testament." Swartz attached a letter from Pastor David Hall of True Hope Ministry, in which he "affirm[ed] Lori Beth Swartz's sincerely held religious objection to covid tests and vaccines." Pastor Hall wrote, "God has already created the body with mechanisms to express and ward off disease." Valley Health denied Swartz's request, and after she failed to get vaccinated, Valley Health terminated her employment in September 2021.

On November 30, 2022, Swartz filed a complaint in the Circuit Court of Warren County, alleging religious discrimination under the Virginia Human Rights Act ("VHRA").[1] She specifically alleged that Valley Health failed to accommodate her religious beliefs. She also requested $150,000 in compensatory damages. Valley Health demurred, arguing that the VHRA did not impose a duty on employers to accommodate the religious beliefs of their employees. The trial court overruled the demurrer, and the case proceeded to a jury trial on September 9, 2024.

At trial, the jury heard testimony from Swartz, who described her religious beliefs and practices. She testified that she prayed for two hours every morning and throughout the day, read

[1] Swartz filed her lawsuit in the Circuit Court of Warren County, which, upon Valley Health's motion, transferred venue to the Circuit Court of the City of Winchester.

the Bible, and attended church online.  When asked why she objected to the vaccine mandate, she responded:

> Because God made our bodies able to heal themselves and there are systems in place that under natural circumstances work correctly. And our body is a temple and the Lord resides inside and we are not — he made our bodies the way He wanted them. We are not to alter them or try to improve upon God's creation because it was made the way He wanted it.

Swartz's counsel asked how that related to the Covid vaccine mandate, and Swartz explained, "You're injecting something unnatural that isn't naturally occurring and growing in nature or anything like that into your body."  She also explained that if she took a vaccine that contained unnatural ingredients, her "faith would be in man, not God."

Swartz also testified that she objected to the Covid testing.  She explained, "I believed that the swabs were -- could make you sick.  I believed that there could be something in them that was to harm you, to make you sick."  When asked how the objection related to her religious beliefs, she testified, "Because I believed that it would harm me."

Swartz presented testimony from Elizabeth Savage, the chief human resources officer at Valley Health.  Savage testified about the vaccine mandate, including the religious exemption process.  She explained that the religious exemption committee included physicians, a nurse, human resources professionals, legal counsel, and two professional ethicists, who Valley Health hired specifically to sit on the committee.  She testified that Valley Health had a nondiscrimination policy in place and that all employees received nondiscrimination training.

At the close of Swartz's evidence, counsel for Valley Health moved to strike, arguing that while the VHRA prohibited religious discrimination, it did not require employers to accommodate their employees' religious beliefs.  Valley Health's counsel noted that the VHRA required employers to accommodate pregnancy and disability—but not religion.  Valley Health's counsel also argued that in 2022 the General Assembly amended the VHRA by adding a definition of

religion that did not include any reference to accommodation. Valley Health's counsel drew the court's attention to *Ellison v. Inova Health Care Services*, 692 F. Supp. 3d 548 (E.D. Va. 2023), in which the Eastern District of Virginia held that the VHRA does not require employers to accommodate their employees' religious beliefs.

Swartz opposed the motion to strike, arguing that "this is a rehash of demurrer under the name of a motion to strike." Swartz argued that the court's prior ruling on the demurrer permitted her to proceed with a religious accommodation claim.

The trial court granted Valley Health's motion to strike. The trial judge credited Savage's testimony regarding Valley Health's nondiscrimination policy and the process to review exemption requests. The trial judge was "persuaded by the Ellison v. INOVA Healthcare [S]ervices case," and stated that he "accepts the reasoning within it that there is no accommodation requirement within the Virginia Human Rights Act." The trial judge also addressed Swartz's concern about the demurrer ruling and reaffirmed the decision: "The Court in retrospect still sees that a cause of action is stated because the allegation is that there is a violation of the Virginia Human Rights Act based on the activity set forth in the complaint."

On September 20, 2024, the trial court entered a final order granting the motion to strike. Counsel for Swartz signed the final order, "Seen and objected to." Swartz now appeals to this Court.

## II. ANALYSIS

### A. Swartz's First Assignment of Error

On appeal, Swartz argues, "The trial court erred in allowing Valley Health to re-argue its demurrer under the guise of a motion to strike and treating a motion to strike as an occasion to revisit and reverse its earlier ruling on Valley Health's demurrer under the guise of granting a motion to strike."

Rule 5A:18 provides:

> No ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable this Court to attain the ends of justice. A mere statement that the judgment or award is contrary to the law and the evidence is not sufficient to preserve the issue for appellate review.

"It is the appellant's burden to obtain a clear ruling from the [circuit] court on an issue he wishes to raise on appeal. This burden stems from the requirement that a litigant state an objection with reasonable certainty at the time of the ruling." *Moroney v. Majerus*, 82 Va. App. 737, 759 (2024) (alteration in original) (quoting *Northcraft v. Commonwealth*, 78 Va. App. 563, 610 n.17 (2023)). Although Rule 5A:18 contains exceptions for good cause or to meet the ends of justice, Swartz has not argued either exception to us on appeal, and we will not invoke them *sua sponte*. *See Spanos v. Taylor*, 76 Va. App. 810, 827-28 (2023) (stating that when an appellant "has not invoked either exception to Rule 5A:18," this Court "do[es] not consider them *sua sponte*"); *Widdifield v. Commonwealth*, 43 Va. App. 559, 564 (2004) (*en banc*) ("When an appellant has had so many opportunities to raise the exception and has not, for the Court to raise it *sua sponte* would compromise the Court's role and place it in the position of becoming a *de facto* advocate."). *See also Jones v. Commonwealth*, 293 Va. 29, 39 n.5 (2017) (noting that when an appellant "does not assert any grounds for invoking the 'good cause' or 'ends of justice' exceptions under Rule 5:25," the Supreme Court "will not sua sponte raise them on his behalf").

"Not just any objection will do. It must be both *specific* and *timely*—so that the trial judge would know the particular point being made in time to do something about it." *Dickerson v. Commonwealth*, 58 Va. App. 351, 356 (2011) (emphases in original). "Endorsing a decree 'seen and objected to' does not preserve an issue for appeal unless the record further reveals that the issue was properly raised for consideration by the trial court." *Konefal v. Konefal*, 18 Va. App. 612, 615 (1994) (quoting *Twardy v. Twardy*, 14 Va. App. 651, 657 (1992) (*en banc*)).

When the trial court granted Valley Health's motion to strike, Swartz did not make a contemporaneous objection to the trial court's decision, nor did she ask the trial court to reconsider that decision. When Valley Health first made its motion to strike, Swartz's counsel argued that the motion was a "rehash" of the demurrer, but Swartz did not object when the trial court actually then granted Valley Health's motion to strike. The trial judge was clear that he was reaffirming his earlier decision to overrule the demurrer but then also was clear that he was granting Valley Health's new motion to strike. Later, after the trial court issued its written order in this case, Swartz's counsel only noted a *general objection* on the court's final order but failed to specify why he objected to the circuit court's September 20, 2024 order. In addition, in her brief to this Court, Swartz does not direct this Court to any place in the record where she timely raised this assignment of error—and thus to where she would have properly preserved this assignment of error for appeal. Under the heading "Preservation," Swartz points to record cites where Valley Health argued its demurrer and motion to strike—not to record cites preserving Swartz's objection to the trial court's order. Because Swartz failed to specify her objection in the trial court and thus did not properly preserve her assignment of error for appeal, we simply cannot reach Swartz's argument on her first assignment of error.

### B. Swartz's Second Assignment of Error

In her second assignment of error, Swartz argues, "The trial court erred in ruling that the Virginia Human Rights Act does not impose a duty on employers to accommodate the religious beliefs of its employees."

"Issues of statutory construction are questions of law which we review de novo." *McKee Foods Corp. v. County of Augusta*, 297 Va. 482, 495 (2019).

Code § 2.2-3902 provides:

> Conduct that violates any Virginia or federal statute or regulation
> governing discrimination on the basis of race, color, religion, sex,

sexual orientation, gender identity, marital status, pregnancy, childbirth or related medical conditions including lactation, age, military status, disability, or ethnic or national origin is an unlawful discriminatory practice under this chapter.[2]

"Unlike Title VII—which expressly allows plaintiffs to bring failure-to-accommodate claims against their employer—the VHRA does not contain any such language." *Ellison*, 692 F. Supp. 3d at 561; c*ompare* Va. Code § 2.2-3901(E) (VHRA's definition of religious discrimination), *with* 42 U.S.C. § 2000e(j) (Title VII's definition of religious discrimination). The statute prohibits an employer from discriminating against an employee based on their religion, but the statute does not require an employer to accommodate an employee's religious beliefs.

"Before amending the section pertaining to religious discrimination (in 2022), the state legislature added language that unambiguously gave pregnant employees (in 2020) and disabled employees (in 2021) the right to bring failure-to-accommodate claims against their employers." *Id.* Notably, the General Assembly did not add the right to bring failure-to-accommodate claims against an employer for the discrimination of religious beliefs as it did for pregnant or disabled employees.[3] It is well-settled that "'because under these circumstances, it is evident that the

---

[2] The General Assembly added the definition of "religion" to Code § 2.2-3901(E) in 2022, so the definition was not in effect when Valley Health instituted its vaccine mandate in 2021 or even when Swartz was terminated by Valley Health. Code § 2.2-3901(E) ("'*Religion*' includes any outward expression of religious faith, including adherence to religious dressing and grooming practices and the carrying or display of religious items or symbols." (emphasis added)).

[3] The United States District Court for the Western District of Virginia recently held in *McDowell* that the VHRA incorporated Title VII and the duty to accommodate religious beliefs. *McDowell v. Valley Health Sys.*, No. 5:25-cv-00002, 2025 U.S. Dist. LEXIS 96954 (W.D. Va. May 21, 2025). *McDowell* is not binding on this Court, but the case is also distinguishable from the case now before this Court. In *McDowell*, the plaintiff brought a claim under the VHRA *and* under Title VII for her failure to accommodate, but in this case, Swartz did not bring a separate claim under Title VII but only a VHRA claim. *Id.* at *4-5. Furthermore, the court in *McDowell* determined that the VHRA included a duty to accommodate despite the General Assembly's purposeful decision not to include religion alongside the duty to accommodate pregnancy and disability. *Compare id.* at *14-15, with *Morgan v. Commonwealth*, 301 Va. 476, 482 (2022)

General Assembly "knows how" to include such language in a statute to achieve an intended objective,' and therefore, omission of such language in another statute 'represents an unambiguous manifestation of a contrary intention.'" *Morgan v. Commonwealth*, 301 Va. 476, 482 (2022) (quoting *Brown v. Commonwealth*, 284 Va. 538, 545 (2012)). Here, the General Assembly clearly knew how to include language imposing a duty to accommodate on employers—and yet declined to impose the duty to accommodate onto employers for religious beliefs.

Swartz filed her claim under the VHRA, which unlike Title VII does not include a duty to accommodate. Swartz did not argue that she was discriminated against because of her religion but rather that she was denied an accommodation. Furthermore, because the VHRA does not impose on employers a duty to accommodate the religious beliefs of their employees, the record reflects that Valley Health's religious exemption procedures did not violate the VHRA. Thus, the evidence was insufficient to establish a VHRA claim, and the trial court did not err when it granted Valley Health's motion to strike.[4]

## III. CONCLUSION

For all of the foregoing reasons, we do not disturb the judgment of the trial court.

*Affirmed.*

---

(explaining that the General Assembly "'knows how' to include such language in a statute to achieve an intended objective").

[4] Valley Health also argues that Swartz's reading of the statute to incorporate federal law "amounts to an unconstitutional delegation of the General Assembly's power to set the boundaries of employers' liability under the VHRA." Given our holding today, however, we do not need to reach this additional argument by Valley Health. "It is well settled that 'the doctrine of judicial restraint dictates that we decide cases "on the best and narrowest grounds available."'" *PAE Nat'l Sec. Sols., LLC v. Constellis, LLC*, 83 Va. App. 252, 267 n.6 (2025) (quoting *Commonwealth v. White*, 293 Va. 411, 419 (2017)).